Lloyd BARRENTINE, et al. Clyde G. Edwards, Cleo Keeney; Maxie Blanton; Johnny Robinson; J.N. Scates; Charley Deaton; H.E. Mitchell and L.R. Young, Appellees,

v.

ARKANSAS–BEST FREIGHT SYSTEM, INC., Appellant.

No. 83–1932.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1984.

Decided Dec. 10, 1984.

48

Walton Maurras, Fort Smith, Ark., for appellant.

David C. Vladeck, Washington, D.C., for appellees.

Before McMILLIAN, Circuit Judge, FAIRCHILD,* Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

McMILLIAN, Circuit Judge.

Arkansas-Best Freight System, Inc., appeals from a final judgment entered in the District Court[1] for the Eastern District of Arkansas awarding individual employees or former employees unpaid wages in their action under § 16(b) of the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C. § 216(b) (1982), and enjoining it from continuing to violate the FLSA by refusing to pay the named employees at least minimum wage for time spent in certain activity. For reversal appellant argues that (1) the activity involved is not compensable work under the FLSA, (2) the activity involved is exempt under § 4(a) of the Portal-to-Portal Act of 1947, 29 U.S.C. § 254(a) (1982), and (3) an injunction is not an available remedy in an FLSA suit for back wages brought by employees on their own behalf rather than by the Secretary of Labor. For the reasons discussed below, we affirm the judgment of the district

* The Honorable Thomas E. Fairchild, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

1. The Honorable George Howard, Jr., United States District Judge for the Eastern and Western Districts of Arkansas.

court as to back wages and vacate the injunction.

This case has an interesting history which includes a previous encounter with this court and a visit to the United States Supreme Court. Appellees are over-the-road truck drivers employed, or formerly employed, by appellant, an interstate common motor carrier, at appellant's Little Rock, Arkansas, terminal.[2] Upon reporting for duty at the terminal, a truck driver "punches in" on a time clock, receives dispatch papers and completes some preliminary paper work. The driver then "punches out," proceeds to an assigned vehicle and conducts a pre-trip safety inspection of the vehicle as required by federal regulations. If the driver finds no defects, the driver proceeds on his or her trip.

If, however, a defect is detected, the driver must drive the vehicle to Arkansas-Best's repair facility located in the terminal, "punch in" again and wait for the vehicle to be repaired. The driver then "punches out" and commences the trip. In such a case, the driver is paid for the time spent between the second "punch in" and "punch out," but not for the time between the first "punch out" and the second "punch in." It is this policy which is the gravamen of the case.

Pursuant to the collective bargaining agreement between the parties, employee grievances were filed, claiming that under the collective bargaining agreement which required compensation "for all time in [the employer's] service," the truck drivers were entitled to compensation for the time in question. A joint grievance committee rejected the grievances without explanation.

Appellees[3] then filed a two-count complaint in federal district court alleging in Count I that the time in question was compensable under the FLSA and in Count II

that the union breached its duty of fair representation in processing the grievances. The district court addressed only the fair representation claim and, finding it to be without merit, dismissed the complaint.[4]

On appeal this court affirmed the district court's holding as to the fair representation claim and also held that appellees' submission of their grievances to arbitration barred them from asserting their statutory wage claim in the subsequent court action. *Barrentine v. Arkansas-Best Freight System*, 615 F.2d 1194 (8th Cir.1980). The United States Supreme Court granted certiorari and reversed, holding that the FLSA wage claim was not barred by the prior unsuccessful submission of the dispute to the contractual dispute resolution procedure. *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981). The case was accordingly remanded to the district court for resolution of appellees' statutory wage claim. On remand the district court held that the pre-trip safety inspection procedure involved in the suit was an integral and indispensable part of appellees' duties as employees of appellant and, therefore, not exempt from compensation by the Portal-to-Portal Pay Act. *Barrentine v. Arkansas-Best Freight System*, No. LR–C–77–85 (E.D.Ark. June 16, 1983). Judgment was entered in favor of appellees for back wages and an injunction issued enjoining appellant from continuing to violate the FLSA by refusing to pay appellees at least minimum wage for the time spent on the activity in issue. This appeal followed.

*Back Wages*

Appellant first argues that the time spent performing the safety inspection and transporting the defective vehicle to the repair facility is not compensable under the FLSA.

---

**2.** Since commencement of this action, appellant's terminal has been moved to North Little Rock, Arkansas.

**3.** There were originally nine appellees in the case; three were eventually dismissed with prejudice.

**4.** The district court announced its decision, which incorporated findings of fact and conclusions of law, from the bench.

The FLSA requires the payment of a minimum wage to "employees who in any workweek [are] engaged in commerce or in the production of goods." 29 U.S.C. § 206(a). The FLSA does not provide a statutory definition of work or employment; however, Supreme Court decisions have established guidelines for determining whether or not hours worked are covered by the FLSA. In *Tennessee Coal, Iron & R. Co. v. Muscoda Local 123,* 321 U.S. 590, 598, 64 S.Ct. 698, 703, 88 L.Ed. 949 (1944), the Court interpreted the FLSA to embrace "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." *See also Armour & Co. v. Wantock,* 323 U.S. 126, 132–33, 65 S.Ct. 165, 168, 89 L.Ed. 118 (1944).

■ Appellant argues that because appellees are required to make the pre-trip safety inspection by federal regulations, such activity is not "controlled or required by the employer." Appellant further argues that these inspections are "primarily for the benefit" of the driver and not "of the employer and his business." Both these arguments are without merit. The fact that a pre-trip safety inspection is required by federal regulations does not remove the employer's control over and responsibility for this inspection. And, although the individual driver of the vehicle will, of course, benefit from the safety inspection and repair of defects, appellant and the trucking industry as a whole, not to mention the motoring public, are certainly beneficiaries of the inspection procedure. We thus hold that the activity involved here meets the standard set forth by the Supreme Court for compensable activity under the FLSA. *Cf. Leone v. Mobil Oil Corp.,* 523 F.2d 1153, 1162 (D.C.Cir.1975) (time spent by employee representative in voluntarily accompanying federal inspectors in a workplace inspection is not compensable under the FLSA because employer does not select employee representative or regulate his conduct and because the employees are the beneficiaries of the inspection).

Appellant next argues that, in any event, liability is precluded by § 4(a) of the Portal-to-Portal Act, 29 U.S.C. § 254(a)(2), which relieves employers of back wages liability under the FLSA for

activities [of an employee] which are preliminary to or postliminary to [the] principal activity or activities [which such employee is employed to perform], which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities.

Appellant argues that the principal activity for which appellees are employed is driving trucks and that the safety inspections are merely incidental and preliminary thereto. We disagree.

■ The legislative history of the Portal-to-Portal Act and decisions construing it in conjunction with the FLSA make clear that the terms "principal activity or activities," which must be paid for, are to be read liberally. Any activity which is "an integral and indispensable part of" the principal activity is compensable. *Steiner v. Mitchell,* 350 U.S. 247, 256, 76 S.Ct. 330, 335, 100 L.Ed. 267 (1956). The only activities excluded from FLSA coverage are those undertaken "for [the employees'] own convenience, not being required by the employer and not being necessary for the performance of their duties for the employer." *Dunlop v. City Electric, Inc.,* 527 F.2d 394, 398 (5th Cir.1976). Examples of noncompensable activities specifically enumerated in the Senate report on the Portal-to-Portal Act as being "outside the employee's workday," include "[c]hecking in and out and waiting in line to do so, changing clothes, washing up or showering, [and] waiting in line to receive paychecks." S.Rep. No. 48, 80th Cong., 1st Sess. 47 (1947). The pre-trip safety inspection activities for which appellees here seek compensation are clearly of a different nature and we hold that they are such an integral part of and so indispensable to appellees' princi-

pal activity as to be outside the Portal-to-Portal Act exemption. *See Mitchell v. Mitchell Truck Line, Inc.,* 286 F.2d 721, 724–25 (5th Cir.1961) (truck drivers' pretrip activities including checking and servicing vehicle were outside the Portal-to-Portal exemption).

### Injunctive Relief

 Appellant argues that under the FLSA enforcement scheme appellees are not entitled to injunctive relief against appellant. We agree. Congress has framed various remedial measures for implementation and furtherance of its declared policies in the FLSA. Under 29 U.S.C. § 216(b), employees may maintain an action on their own behalf against an employer for unpaid wages and liquidated damages.[5] Subsection (c) of § 216 authorizes the Secretary of Labor to bring suit on behalf of employees who request assistance to recover unpaid wages, provided the case does not involve an issue of law not finally settled by the courts. The right of employees to resort to legal action on their own behalf terminates "upon the filing of a complaint by the Secretary of Labor in an action under § 217 of this title." 29 U.S.C. § 216(b). Section 217, entitled "Injunction proceedings," grants the district courts jurisdiction to restrain violation of provisions of the FLSA, including the minimum wage provision. Title 29 U.S.C. § 211(a) provides that "[e]xcept as provided in section 212 of this title [relating to child labor], the Secretary of Labor shall bring all actions under section 217 of this title to restrain violations of this chapter."

 Courts are in agreement that under this scheme an employee's action can be maintained only to recover back wages and liquidated damages and not to obtain injunctive relief against future violations; only the Secretary is vested with the au-

thority to seek an injunction. *See, e.g., Bowe v. Judson C. Burns, Inc.,* 137 F.2d 37, 39 (3d Cir.1943); *Marchak v. Observer Publications, Inc.,* 493 F.Supp. 278, 280–81 (D.R.I.1980); *EEOC v. American Telephone & Telegraph Co.,* 365 F.Supp. 1105, 1119–22 (E.D.Pa.1973). Although the injunction in the present case is limited, applying only to the individual employees involved in the suit, and is ancillary to an award of money damages, we do not believe it is authorized under the comprehensive statutory enforcement scheme.

Accordingly, we affirm the judgment of the district court as to back wages and vacate the injunction. Costs on appeal awarded to appellees.

---

5. Under the Portal-to-Portal Act amendments, 29 U.S.C. § 260, even if the employer shows both subjective good faith and objectively reasonable grounds for believing that its actions were not in violation of the statute, remission of liquidated damages remains within the sound discretion of the trial court. *E.g., Thompson v. Sawyer,* 219 U.S.App.D.C. 393, 678 F.2d 257, 282 (1982); *Employees of Dep't of Pub. Health & Welfare v. Department of Pub. Health & Welfare,* 452 F.2d 820, 826 (8th Cir.1971) (banc), *aff'd,* 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973).