Ray CROSS; Robert Ellis; Jackie May; Tom Phillips; Pamela G. Anderson; Stephen Anderson; Lawrence Ault; Jim M. Barham; Jimmy Barnes; John William Beasley; Alvin W. Black; Retha Bogan; Robert Bogan; C.W. Bohn; Nada Cearley; Bill E. Chaney, Jr.; Blair Chaney; Dan Chilcoat; Gary Cooper; John Crump; Thomas W. Edington; B. Keith Eiland; Travis England; Roger L. Freeman; Richard Wayne Gentry; Andy Gitchell; Kathy Glass; L.P. Glass; Todd Gore; Greg B. Gortemiller; Jimmy Green; Calvin Hale, Jr.; Wilmer Harris; Doug Harvill; Brenda Hawthorne; J.W. Hornbeck; Greg S. Johnston; Grady E. Jones; Melvin Jones; Steven M. Jones; J.L. Kennedy; Bobby G. Lane; Archie Lynn; Bruce B. McCrackin; Jimmy McEntire; William Mansfield; Eddie Mayberry; Thom A. Means; Johnnie Minter; Max O. Morman; Wanda Jean Moten; John K. Murphy; Bobby L. Nelson; Lewis A. Nelson; Nellie R. Nichols; Charles A. Pate; Bradley Pierce; John D. Pogue; C.N. Ratecliff; Larry W. Rinehart; Thomas M. Rinehart; Timothy R. Robertson; Tim Lesley Rushing; Stan Sanders; M.H. Sherwood, Jr.; Earl E. Slaton; Larry G. Smith; Nick Smith; Steve Smith; David Spanhanks; Bill Titsworth; Clinton J. Triplett; James D. Wagner; James Wall; Lynn L. Waller; Wayne Ward; Paul Watkins; Gerald C. Webb; Rodney Welch; Tim West; Robert E. Whitworth; Billy J. Williams; Jackie D. Williams; Roy N. May; Joseph D. Ardwin; J.D. Baxter; Douglas Cherry; J.R. Shuffield; John P. Slater; Willard Speers; J.S. Tomlin; Donald W. Vaughn; James W. Wilson; Coy Buford; Joseph A. Neil; Donald B. Talley; Artie C. Clark; Claude N. Gray, Appellants,

v.

ARKANSAS FORESTRY
COMMISSION,
Appellee.

No. 90–1838.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 13, 1990.

Decided July 17, 1991.

Philip E. Kaplan, Little Rock, Ark., argued, for appellants; Philip E. Kaplan and Silas H. Brewer, Jr., on the brief.

Mary B. Stallcup, Little Rock, Ark., for appellee; Steve Clark and R.B. Friedlander, on the brief.

Before ARNOLD and BEAM, Circuit Judges, and BOGUE,* Senior District Judge.

BEAM, Circuit Judge.

Appellants are Arkansas Forestry Commission employees who seek overtime compensation and liquidated damages under the Fair Labor Standards Act. 29 U.S.C.A. § 201 et seq. (West Supp.1991). The employees appeal two orders of the district court granting summary judgment to the Commission. The orders determined that the employees were not entitled to overtime compensation under the FLSA for time spent on subject-to-call status, or to liquidated damages for the Commission's violations of the FLSA.[1] We reverse the

---

* The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. *May v. Arkansas Forestry Comm'n,* No. LR–C–89–233 (E.D.Ark. April 5, 1990) (subject-to-call);

*May v. Arkansas Forestry Comm'n,* No. LR–C–89–233 (E.D.Ark. April 13, 1990) (liquidated damages).

judgment denying compensation during subject-to-call status, but affirm the denial of liquidated damages.

## I. BACKGROUND

The employees bringing this action are employed by the Arkansas Forestry Commission as dispatchers, ranger I's, ranger II's, towermen and forest trainees, and many engage in fire protection activities. After the Commission became subject to the Fair Labor Standards Act,[2] it made two distinct decisions applicable to the employees and their arguments on appeal. First, the Commission implemented a policy placing employees engaged in fire protection activities on subject-to-call status. The employees now seek compensation for time spent subject-to-call. Second, the Commission determined that all the employees qualified for an exemption from the FLSA's overtime compensation requirement applicable to employees in fire protection activities, which determination the district court later found to be incorrect. The employees now seek liquidated damages under the FLSA because they assert that the Commission's incorrect determination respecting their exempt status was not made in good faith. Because the employees' two arguments are based on somewhat different facts, we will first discuss the facts relevant to the subject-to-call issue, followed by the facts relevant to the employees' liquidated damages argument.

Under the subject-to-call policy, employees are required by the Commission to be subject-to-call twenty-four hours per day, seven days per week in the event of a fire emergency.[3] If an emergency occurs, the Commission contacts the employees either by a hand-held radio, which the Commission has provided to them, or by telephone. The employees are required to monitor all radio communications, respond to emergency calls within thirty minutes, and depart for an emergency immediately thereafter.[4] If an employee is unable to respond to a call within thirty minutes, the employee must furnish an acceptable explanation to a supervisor or be subject to discipline. The Commission has not compensated the employees for any time spent subject-to-call.

The employees' argument respecting liquidated damages involves the question of whether the Commission's decision to exempt the employees from the FLSA's overtime compensation requirement was made in good faith. Thus, an examination of the facts and law relevant to that decision is necessary.

The Commission's decision to exempt the employees from the overtime compensation requirement was based on a provision of the FLSA applicable to employees engaged in fire protection. Employees covered by the FLSA are entitled to overtime compensation for "a workweek longer than forty hours." 29 U.S.C.A. § 207(a)(1) (West Supp.1991). Section 207(k) of the FLSA, however, provides an exemption to the strict forty hour workweek for "any employee in fire protection activities." *Id.* at § 207(k). The 7(k) exemption allows public agencies employing persons engaged in fire protection activities to calculate an employee's hours for overtime purposes according to work periods of twenty-eight days rather than on a weekly basis. An employee is not entitled to overtime compensation under the 7(k) exemption if the employee's

---

**2.** The Arkansas Forestry Commission became subject to the Fair Labor Standards Act when the FLSA was applied to all state and local government in 1985. *See Garcia v. San Antonio Metro. Transit Auth.,* 469 U.S. 528, 554, 105 S.Ct. 1005, 1019, 83 L.Ed.2d 1016 (1985) (applying the FLSA to state and local governments).

**3.** The Commission's regulation provides:
4.4 *Subject–To–Call:* The designation 'subject-to-call' applies to all emergency response personnel 24 hours per day, seven days per week *unless* they are placed, by their supervisor, in status of either 'on call' *or* 'off-duty'. While on subject-to-call status an employee

may expect to be called back to duty during critical situations and is required to be available to respond to such call within thirty (30) minutes. No other requirement restricting an employee's activities while on 'subject-to-call' is imposed. No work time may be reported while on 'subject-to-call' status.
*See May v. Arkansas Forestry Comm'n,* No. LR–C–89–233 (E.D.Ark. April 5, 1990).

**4.** During oral argument counsel for the employees stated that the employees had trained themselves to monitor the radio while sleeping.

total hours in all tours of duty in a twenty-eight day period are less than either "(A) 216 hours, or (B) the average number of hours ... of employees ... in work periods of 28 consecutive days in calendar year 1975." *Id.* at § 207(k)(1)(A), (B). Thus, an employee subject to the 7(k) exemption is not necessarily entitled to overtime compensation for work in excess of a forty hour workweek, but must be paid such compensation if the total hours in all tours of duty in a twenty-eight day period exceed either 216 or the average number of hours in work periods in 1975.

The Commission, with the assistance of OPM, determined that the employees were eligible for the 7(k) exemption. At the request of OPM, the Commission submitted to OPM a list of employees engaged in fire protection activities who were potentially eligible for the 7(k) exemption, including dispatchers, ranger I's, ranger II's, towermen and forest trainees. These employees also performed work on forest management and conservation projects, including tree planting, when they were not engaged in fire protection activities. The OPM determined that these employees qualified for the 7(k) exemption and informed the Commission of its decision. The Commission did not independently determine the exempt status of the employees, but relied on OPM's determination. Joint Appendix at 366–67.

Subsequent to OPM's determination, OPM provided the Commission with a copy of the FLSA regulations promulgated by the Department of Labor. The regulations state that dispatchers are not employees in fire protection activities. 29 C.F.R. § 553.210(c) (1989). The regulations also state that employees who engage in both fire protection activities and activities unrelated to fire protection may not qualify as "an employee in fire protection activities" subject to the 7(k) exemption. An employee's status as a firefighter depends upon the percentage of working time devoted to each activity. An employee is employed "in fire protection activities" if the employee devotes no more than twenty-percent of his or her working time to activities unrelated to fire protection. *Id.* at § 553.212. *See also id.* at § 553.210. The regulations list tree planting as an example of an activity unrelated to fire protection. *Id.* at § 553.212(a).

The Commission did not change its determination that dispatchers were employees in fire protection eligible for the 7(k) exemption, or its determination that other employees in fire protection were exempt. Upon reviewing the regulations, the Commission became aware of the twenty-percent limitation on work unrelated to fire protection. Although its employees performed some activities unrelated to fire protection, the Commission did not independently review its employee records to determine whether its employees were within the twenty-percent limit. The Commission did not change the exempt status of either dispatchers or the other firefighters because it believed that "OPM personnel experts would have reviewed the regulations." Joint Appendix at 370. Because OPM "had not changed [its] determination of 7(k) eligibility," the Commission "saw no need to take further action." *Id.* at 370–71. The Commission's decision that dispatchers were employees in fire protection activities within the 7(k) exemption, and its decision that the other employees in fire protection were exempt from the FLSA's overtime requirements despite the twenty-percent limitation on work unrelated to fire protection, were later found to be incorrect by the district court.[5]

The employees brought an action against the Commission under the FLSA seeking overtime compensation and liquidated damages. The employees argued that overtime

**5.** *See May v. Arkansas Forestry Comm'n,* No. LR–C–89–233 (E.D.Ark. April 9, 1990) (finding that dispatchers were not "employees in fire protection activities" subject to the 7(k) exemption); *May v. Arkansas Forestry Comm'n,* No. LR–C–89–233 (E.D.Ark. April 12, 1990) (finding as incorrect the Commission's determination that employees in fire protection activities qualify as 7(k) exempt employees in all work periods, and holding that the exempt status of firefighting employees depends on the time devoted to activities unrelated to fire protection in each work period).

compensation for time spent subject-to-call was warranted because the restrictions placed on them by the subject-to-call policy prevented them from using their time for their own purposes.[6] The employees also asserted that liquidated damages under the FLSA were appropriate to remedy the Commission's violations of the FLSA. The employees asserted that the Commission's violations, in determining that dispatchers were employed in fire protection activities and eligible for the 7(k) exemption and that the other employees in fire protection were exempt from the FLSA's overtime requirements despite the twenty-percent limitation on work, were neither in good faith nor objectively reasonable because the Commission did not independently verify its compliance with the FLSA.

The district court granted summary judgment for the Commission on both issues, denying the employees' claims for compensation and liquidated damages. The court determined that the employees are not entitled to compensation during subject-to-call hours because "their ability to look after their own business is, for the most part, only slightly burdened." *May v. Arkansas Forestry Comm'n*, No. LR–C–89–233 (E.D.Ark. April 5, 1990). The court also determined that the employees are not entitled to liquidated damages under the FLSA because, although the Commission violated the FLSA, the violations were made in good faith and were objectively reasonable. *May v. Arkansas Forestry Comm'n*, No. LR–C–89–233 (E.D.Ark. April 13, 1990).

## II. DISCUSSION

Summary judgment is a question of law to be reviewed de novo. *Spalding v. Agri-Risk Services*, 855 F.2d 586, 588 (8th Cir. 1988); *Butler v. MFA Life Ins. Co.*, 591 F.2d 448, 451 (8th Cir.1979). A party is entitled to summary judgment if "there is no genuine issue as to any material fact and ... the moving party is entitled to a

judgment as a matter of law." Fed.R. Civ.P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists if a reasonable jury could return a verdict for the party opposing the motion. The court must view all inferences to be drawn from the facts in a light most favorable to the opposing party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986).

### A. Subject-to-Call Compensation

■ Time spent away from an employer's premises may constitute compensable hours of work if conditions imposed by an employer restrict the employee from using the time for personal pursuits. Although there is no "legal formula to resolve cases so varied in their facts," determining whether conditions are sufficiently restrictive to require compensation is "a question of fact to be resolved by appropriate findings of the trial court.... Facts may show that the employee was engaged to wait, or they may show that he waited to be engaged." *Skidmore v. Swift & Co.*, 323 U.S. 134, 136–37, 65 S.Ct. 161, 163, 89 L.Ed. 124 (1944). *See also Armour & Co. v. Wantock*, 323 U.S. 126, 133, 65 S.Ct. 165, 168, 89 L.Ed. 118 (1944). The Department of Labor has promulgated regulations to provide guidance in determining whether certain hours are compensable. *See* 29 C.F.R. §§ 553.221, 785.14–17. The record in this case contains evidence of significant interference with the employees' private activities. A reasonable jury could return a verdict for the employees based on this evidence.

The Commission's subject-to-call policy imposes several restrictions on the employees during each work period. First, the employees' ability to travel is confined to a limited area. The employees must monitor radio transmissions, but radio reception deteriorates at a distance of thirty-five to

---

**6.** Overtime compensation is compensation at a rate not less than one and one-half times the regular rate. 29 U.S.C.A. § 207(a)(1). The employees do not argue that they are entitled to the full amount of overtime compensation for all hours subject-to-call, but that they should be paid "some compensation" for subject-to-call time, "either on an hour-for-hour basis or for some lesser period of time." Brief of Appellants at 32.

fifty miles. Joint Appendix at 183, 218. As a result, the employees and their families cannot travel beyond this distance. Second, the employees' ability to engage in personal activities within this distance is limited by the requirement to monitor radio transmissions and respond to emergency calls. Although the subject-to-call policy does not require the employees to arrive at the location of an emergency within a specified time, they must respond to emergency calls within thirty minutes and depart for the emergency immediately thereafter. The necessity to quickly respond to fire emergencies requires that the employees be physically and mentally capable of fighting a fire and therefore restricts their enjoyment of many recreational activities. Third, because the employees must monitor radio transmissions, they cannot participate in activities that would prevent them from hearing transmissions, such as musical events, sporting events or similar activities. Fourth, the employees are unlikely to participate in activities that cost much money because they may be required to immediately leave an activity to respond to an emergency call.

Furthermore, the facts of this case are unlike typical "on-call" cases in two respects. The Commission requires the employees to monitor radio transmissions continuously during each work period, rather than contacting them exclusively by telephone or electronic pager.[7] *See, e.g., Boehm v. Kansas City Power and Light Co.,* 868 F.2d 1182, 1183 (10th Cir.1989); *Norton v. Worthen Van Service, Inc.,* 839 F.2d 653, 654 (10th Cir.1988); *Renfro v. Emporia,* 729 F.Supp. 747, 748 (D.Kan. 1990); *Pilkenton v. Appalachian Regional Hospitals, Inc.,* 336 F.Supp. 334, 335 (W.D.Va.1971). Because the radio must be on at all times, the employees' ability to entertain in their homes, attend social gatherings, attend church services or engage in other personal pursuits is limited. The employees' ability to enjoy common activities such as watching television or reading is also decreased because they must devote

attention to radio transmissions. Additionally, instead of being placed "on-call" for a defined number of hours during a work period, the Commission's policy places the employees on subject-to-call status twenty-four hours per day every day of a work period, unless a supervisor agrees to substitute for a particular employee for a period of time. *See, e.g., Boehm,* 868 F.2d at 1183; *Norton,* 839 F.2d at 654; *Renfro,* 729 F.Supp. at 748. Thus, the employees do not receive a respite during a work period from the subject-to-call requirement.

Under these circumstances, as indicated, a reasonable jury could find that the employees were engaged to wait while on subject-to-call status because the Commission's policy sufficiently restricted them from using their time for personal pursuits. Thus, the district court should not have granted summary judgment to the Commission on this issue.

### B. *Liquidated Damages*

■ The FLSA provides for an award of liquidated damages to an employee to remedy an employer's violation of the FLSA. 29 U.S.C.A. § 216(b). However, the trial court has discretion not to award liquidated damages if the employer demonstrates that the violation was in good faith and objectively reasonable. *Id.* at § 260. *See also Barrentine v. Arkansas–Best Freight System, Inc.,* 750 F.2d 47, 51 n. 5 (8th Cir. 1984). In this case, the district court found that the Commission violated the FLSA by incorrectly determining that dispatchers were employed in fire protection activities and eligible for the 7(k) exemption and that the other firefighting employees were exempt from the FLSA's overtime requirements despite the twenty-percent limitation on work unrelated to fire protection. However, the court concluded, as earlier stated, that the violations were in good faith and objectively reasonable. We agree.

The evidence establishes that the Commission *subjectively* intended to comply with the FLSA. First, the Commission has

---

7. Although the Commission may contact an employee by either radio or telephone, employees must monitor all radio transmissions to hear emergency calls. *See May v. Arkansas Forestry Comm'n,* No. LR–C–89–233 (E.D.Ark. April 5, 1990).

traditionally relied on OPM for guidance concerning personnel matters, and the Commission consulted OPM personnel experts before making any determinations in this case. Joint Appendix at 367–68. The Commission director testified that he declined to independently review OPM's determinations because "I knew that OPM had provided the [Department of Labor] regulations to the Commission. I knew that OPM personnel experts would have reviewed the regulations." *Id.* at 370. Thus, the Commission did not fail to review OPM's determination based on a lack of good faith, but on a belief that OPM had reviewed its determinations and had found them to be accurate. Second, at the time of the Commission's determinations, the FLSA had only recently been made applicable to state and local governments. The Commission did not have independent expertise of the FLSA's often complex requirements. The Commission relied on OPM experts in deciding to exempt the employees from the overtime requirement. The district court's findings that the Commission's decisions were incorrect does not detract from the Commission's good faith attempt to comply with the FLSA. *See Clymore v. Far–Mar–Co., Inc.,* 709 F.2d 499, 505 (8th Cir.1983) (employer's inaccurate belief did not defeat finding that reasonable grounds existed for the belief). We believe officials of the Commission attempted to comply with the FLSA.

The Commission's decisions were also *objectively* reasonable. The FLSA, as stated above, had just recently been made applicable to the Commission's operations and the Commission relied on the guidance of OPM experts in a complex area of law. Although the Commission was ultimately responsible for its decisions, it was objectively reasonable under these circumstances for the Commission to rely on the decisions of the state's personnel experts. The decisions, although ultimately found to be incorrect, were reasonable under the FLSA and the regulations, especially in light of the complexity of applicable law, the limited knowledge of the Commission, and the sudden need to apply the FLSA to the Commission's operations. It was reasonable under the circumstances for the Com-

mission to believe that dispatchers were employees in fire protection activities. In addition to traditional dispatcher duties, the Commission's dispatchers served as "fire coordinators." Joint Appendix at 372. The dispatchers "assess wildfire situations and determine when to send Forestry planes up for fire survey or detection. They plot the fire locations as they arise and determine how best to move men and machinery to meet Commission needs. They compute numerous weather readings ... to determine fire danger." *Id.* Further, the Commission could have reasonably believed that some forest management or conservation activities performed by the employees were not totally unrelated to fire protection, but were performed "as an incident to or in conjunction with" fire protection. 29 C.F.R. § 553.212(a). The appropriate application of the regulations to the Commission's operations were revealed only after the district court's findings on these issues. At the time of the Commission's decisions there had not been much, if any, decisional law to guide the Commission. Any uncertainty about the application of the FLSA may be considered in determining whether to impose liquidated damages. *See Hultgren v. County of Lancaster,* 913 F.2d 498, 509 (8th Cir.1990).

Based on these reasons, the Commission's decisions in applying the FLSA to its employees were made in good faith and were objectively reasonable. Accordingly, the district court was correct in not imposing liquidated damages under the FLSA.

## III. CONCLUSION

We affirm the district court's summary judgment denying liquidated damages for the Commission's violations of the FLSA. However, because a reasonable jury could find that the Commission's subject-to-call policy sufficiently restricted the employees from using their time for personal pursuits, we reverse the judgment denying compensation for subject-to-call status. The subject-to-call issue is remanded to the district court for trial.