**Ronnie L. FRAZIER, Plaintiff,**

v.

**Carlton J. COURTER, III, etc., Defendant.**

**Civil Action No. 96–0128–A.**

United States District Court, W.D. Virginia.

March 28, 1997.

Kenneth Davis Hale, Green & Hale, Bristol, TN, for Plaintiff.

George Walerian Chabalewski, Office of Atty. Gen., Richmond, VA, for Defendant.

JONES, District Judge.

In this action in which the plaintiff alleges violations of the Fair Labor Standards Act, the defendant has moved to dismiss, claiming that the Eleventh Amendment and the Tenth Amendment bar the action entirely or, alternatively, that the plaintiff's claim for injunctive relief is improper. I find that the plaintiff's claim for money damages is barred by the Eleventh Amendment, under the Supreme Court's recent decision in *Seminole Tribe of Florida v. Florida*, —— U.S. ——, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), and that the plaintiff's claim for injunctive relief is inappropriate under the remedial scheme of the Fair Labor Standards Act.

*I*

The plaintiff, a dairy inspector for the Virginia Department of Agriculture and Consumer Services ("Department"), brings this action to recover damages under section 216(b) of the Fair Labor Standards Act ("FLSA" or "Act"), 29 U.S.C. § 201 *et seq.* (1976). The plaintiff alleges that, until January 2, 1996, he normally worked forty hours a week. For any hours he worked in excess of forty, the plaintiff was given one hour of compensatory time. However, on January 2, 1996, the defendant instituted an "on-call" policy for dairy inspectors that required the plaintiff always to be on call except for those times when he is on annual leave and he has advised his supervisor in advance that he will be out of the paging area.

The plaintiff seeks damages, claiming that he should be compensated for this "on-call" time and that he should be allowed one and one-half hours compensatory time for each overtime hour worked. He also seeks liqui-

dated damages, attorney's fees, and a permanent injunction compelling the defendant to comply with the provisions of the FLSA.

## II

The Eleventh Amendment of the United States Constitution limits the power of the federal judiciary in that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. The Eleventh Amendment also bars suits against an unconsenting state by its own citizens although such a result is not mandated by the Amendment's express language. *Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974). The immunity afforded by the Eleventh Amendment extends to state agencies and officials, when the suit seeks monetary damages that would be paid from the state treasury.

> [W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officers are nominal defendants.

*Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945).

The Eleventh Amendment does not bar an action which seeks prospective injunctive relief against a state official to enjoin continuing violations of federal law. *Edelman*, 415 U.S. at 664, 94 S.Ct. at 1356 (discussing controlling case of *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)).

While the Eleventh Amendment acts as a constraint against the federal judiciary's intrusion into matters of state sovereignty, Congress may abrogate the states' immunity under the Eleventh Amendment. However, congressional intent to abrogate the immuni-

ty must be absolutely clear in the language of the statute. *Seminole Tribe of Florida v. Florida*, —— U.S. ——, ——, 116 S.Ct. 1114, 1123, 134 L.Ed.2d 252 (1996) (quoting *Green v. Mansour*, 474 U.S. 64, 68, 106 S.Ct. 423, 425–26, 88 L.Ed.2d 371 (1985)). Further, Congress may only abrogate state immunity under the Eleventh Amendment pursuant to a valid exercise of its own power. *Seminole Tribe*, —— U.S. at ——, 116 S.Ct. at 1123.

■ The Supreme Court has determined that the Fourteenth Amendment provides a legitimate source of power by which Congress can abrogate Eleventh Amendment immunity. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976).[1] Until recently, the Court held that the Interstate Commerce Clause, U.S. Const., art. I, § 8, cl. 3, as well provided a valid basis by which Congress could abrogate state sovereign immunity under the Eleventh Amendment. *Pennsylvania v. Union Gas Co.*, 491 U.S. 1, 19–20, 109 S.Ct. 2273, 2284–85, 105 L.Ed.2d 1 (1989). Recently, however, the Supreme Court overruled *Union Gas* in *Seminole Tribe*. In the latter, the Court, interpreting the Indian Commerce Clause, which it found indistinguishable from the Interstate Commerce Clause, stated:

> In overruling *Union Gas* today, we reconfirm that the background principle of state sovereign immunity embodied in the Eleventh Amendment is not so ephemeral as to dissipate when the subject of the suit is an area, like the regulation of Indian commerce, that is under the exclusive control of the Federal Government. Even when the Constitution vests in Congress complete law-making authority over a particular area, the Eleventh Amendment prevents congressional authorization of suits by private parties against unconsenting States. The Eleventh Amendment restricts the judicial power under Article III, and Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction.

---

1. Congress need not specify the exact constitutional basis for its legislation. The court may scrutinize legislation to assess if it might have been properly enacted under a certain power. *Woods v. Cloyd W. Miller Co.*, 333 U.S. 138, 144, 68 S.Ct. 421, 424, 92 L.Ed. 596 (1948). The Act

states and courts have held that the wage and hours provisions of the FLSA were enacted by Congress pursuant to its Commerce Clause power. 29 U.S.C. § 202(b); *U.S. v. Darby*, 312 U.S. 100, 115, 61 S.Ct. 451, 457–58, 85 L.Ed. 609 (1941).

*Seminole Tribe,* —— U.S. at ——––——, 116 S.Ct. at 1131–32. Accordingly, under the holding of *Seminole Tribe,* Congress may not abrogate the states' Eleventh Amendment immunity by enacting legislation pursuant to the Interstate Commerce Clause, no matter how clear its intent to do so may be.

■ Given the Supreme Court's pronouncement in *Seminole Tribe,* I am compelled to dismiss, for lack of subject matter jurisdiction, at least that portion of the plaintiff's action that claims money damages from the state. *Seminole Tribe* is clear and is directly relevant here since the FLSA was passed pursuant to Congress's Commerce Clause power. 29 U.S.C. § 202(b).

*The Ex parte Young* doctrine provides that state officials sued in their official capacities do not have immunity from a suit seeking prospective injunctive relief from violations of federal law. *Ex parte Young,* 209 U.S. at 155–56, 28 S.Ct. at 452. However, the Court in *Seminole Tribe* stated that where Congress has set forth a detailed remedial scheme for the enforcement of a statutorily created right against a state, a court should hesitate to distort that scheme, which is evidence of congressional intent as to the breadth of the remedy, by allowing injunctive relief against a state officer. I do not find it necessary to decide whether *Seminole Tribe* bars injunctive relief in this case because I find that the Act itself prohibits the relief the plaintiff seeks.[2]

### III

■ Section 216(b) of the FLSA provides that an employee may bring an action against an employer for unpaid wages and liquidated damages. 29 U.S.C. § 216(b). Under section 216(c), the Secretary of Labor may bring actions on behalf of such employees as well. 29 U.S.C. § 216(c). Section 217 provides that the district courts have jurisdiction to restrain violations of the FLSA but section

211(a) provides that, except for cases involving child labor, "the Secretary of Labor shall bring all actions under Section 217 of this title to restrain violations of this chapter." 29 U.S.C. §§ 211(a), 217.

The FLSA has been interpreted as precluding an employee's access to injunctive relief to enforce prospectively the provisions of the FLSA. *See Lorillard v. Pons,* 434 U.S. 575, 581, 98 S.Ct. 866, 870, 55 L.Ed.2d 40 (1978) (citing cases so interpreting the FLSA). In *Barrentine v. Arkansas–Best Freight System, Inc.,* 750 F.2d 47 (8th Cir. 1984), the Eighth Circuit characterized the FLSA's enforcement provisions as a "comprehensive statutory enforcement scheme" which did not encompass a private litigant's right to injunctive relief. *Id.* at 51. *See Equal Employment Opportunity Commission v. Gilbarco, Inc.,* 615 F.2d 985, 995 (4th Cir.1980) (Murnaghan, J., concurring and dissenting) (citing *Bowe v. Judson C. Burns, Inc.,* 137 F.2d 37, 39 (3d Cir.1943) and noting that it was "early established that the right to seek injunctive relief under [section 217] lay exclusively in the government in light of FLSA [section 211(a) ]."). Other circuits also have found that only the Secretary of Labor has authority to bring actions to restrain violations of the FLSA. *Powell v. Wash. Post Co.,* 267 F.2d 651, 652 (D.C.Cir.1959); *Roberg v. Henry Phipps Estate,* 156 F.2d 958, 963 (2d Cir.1946); *Bowe v. Judson C. Burns, Inc.,* 137 F.2d 37, 39 (3d Cir.1943); *see also Marchak v. Observer Publications, Inc.,* 493 F.Supp. 278, 280–81 (D.R.I.1980) (dismissing plaintiff's complaint in part and finding that the Secretary of Labor has exclusive authority to bring actions to restrain violations of the FLSA); *Billiot v. Toups Marine Transp., Inc.,* 465 F.Supp. 1265, 1267 (E.D.La.1979) (finding that an employee may only sue for back wages and liquidated damages and may not utilize enforcement mechanisms reserved to the Secretary of Labor).[3]

---

**2.** The defendant also contends that the Tenth Amendment prohibits this action despite the Supreme Court's decision in *Garcia v. San Antonio Metro. Transit Auth.,* 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), that held that the Tenth Amendment does not preclude federal regulation of a state's relationship with its employ-

ees. Given my decision on the defendant's other points, it is not necessary to address this issue.

**3.** In *Avitia v. Metropolitan Club of Chicago, Inc.,* 731 F.Supp. 872 (N.D.Ill.1990), the court held that private parties may not seek a preliminary injunction reinstating them to their jobs pending the outcome of trial in a FLSA case. *Id.* at 880–

I agree that the remedial scheme of the FLSA does not provide the avenue of injunctive relief for a private litigant.

The plaintiff argues that *Wilson–Jones v. Caviness*, 99 F.3d 203 (6th Cir.1996), stands for the proposition that a suit for injunctive relief under the FLSA can go forward even when its counterpoint in money damages is dismissed. In this Sixth Circuit case dismissing the plaintiff's FLSA action for money damages against the state of Ohio, the court noted that "[o]ur holding today does not permit states to avoid their legal duty to comply with the provisions of the FLSA." *Id.* at 211. In addition to pursuing an action in state court, or depending on the Secretary of Labor to bring an action on an employee's behalf, the Sixth Circuit stated that:

> a state employee can still sue a state officer in federal court for an injunction ordering the officer to comply with the FLSA, as *Ex Parte Young* [citation omitted] cuts out a broad exception from the Eleventh Amendment bar for actions seeking injunctive relief from state officers.

*Id.* This language is dicta, and the situation at hand here was not squarely before the court; the Sixth Circuit apparently did not consider that the FLSA itself might prohibit the option of such injunctive relief. Accordingly, I can afford little weight *to Wilson–Jones.*

In its reply, the plaintiff also cites a variety of cases outside the context of the FLSA where a plaintiff seeking injunctive relief was allowed to proceed after his damages claim was dismissed. The cases are inapposite in that they address the antecedent point, whether the Eleventh Amendment bars a claim for injunctive relief after *Seminole Tribe,* and do not involve federal statutes that place the plaintiff's desired enforcement mechanism in the control of another. Here the FLSA prohibits the relief sought by the plaintiff.

---

81. The Seventh Circuit, on appeal, found the employees estopped from challenging the district court's ruling, noting "[t]hat this result must obtain is somewhat regrettable, for the statutory question at issue is a significant one, and not without sensible arguments on both sides." *Avi-*

Accordingly, this action must be dismissed. An appropriate final judgment will issue.

## FINAL JUDGMENT

For the reasons set forth in the opinion accompanying this final judgment, the defendant's motion to dismiss is granted and this action is dismissed and stricken from the docket.

*tia v. Metropolitan Club of Chicago, Inc.,* 924 F.2d 689, 691 n. 1 (7th Cir.1991). However, a plaintiff's request for preliminary and temporary injunctive relief may be a different matter than a request for a permanent injunction.