Alfonso **AVITIA,** Artemio Villafana, Daniel P. Robert, Lisa Tape, Albert Allen, Jaime Merlo, Thomas Delany, and Parvis (a/k/a Michael) Khania, Plaintiffs,

v.

The METROPOLITAN CLUB OF CHICAGO, INC., Defendant.

No. 88 C 6965.

United States District Court, N.D. Illinois, E.D.

March 7, 1990.

---

Ernest T. Rossiello, Ernest T. Rossiello & Assoc., Chicago, Ill., for plaintiffs.

Don E. Glickman and Andrew J. Fisher, Rudnick & Wolfe, Chicago, Ill., for defendant.

ORDER

NORGLE, District Judge.

Before the court are the objections of the plaintiffs to the report and recommendation of Magistrate James T. Balog denying plaintiffs' application for a preliminary injunction. For the following reasons, the

---

court adopts the magistrate's report and recommendation.

## FACTS

A short history of the plaintiffs' search for a preliminary injunction in this case is in order. Initially, this action was assigned to the call of Judge Marshall. Plaintiffs' original amended complaint based jurisdiction upon 29 U.S.C. § 216(b). Plaintiffs' Amended Complaint, par. 1. In the prayer for relief, plaintiffs requested a preliminary injunction. Plaintiffs' Amended Complaint, par. 6C. Defendants objected, claiming that plaintiffs had no authority to seek injunctive relief under 29 U.S.C. § 216(b). Defendants' Memorandum in Support of Defendants' Motion to Dismiss and to Strike, p. 3. Judge Marshall agreed with this and struck plaintiffs' prayer for a preliminary injunction. Order of October 24, 1988.

On December 12, 1988, this action was transferred from the call of Judge Marshall to this court. Despite Judge Marshall's order, plaintiff submitted a pleading entitled "Motion to Set for Trial or for a Hearing on Temporary Reinstatement Pursuant to Title 29 U.S.C. Section 216(b)." The court continued the motion until January 26, 1989. On that date, in open court, the following colloquy took place:

"MR. ROSSIELLO: Ernest Rossiello for the plaintiffs. I think that's 88 C 6965, for the record. Your Honor, this matter is up this morning for status and also on two motions. One is a motion for leave to file an amended complaint; the second is a motion to set for trial.

"THE COURT: In one of the pleadings, that is the Defendant's Response to the Plaintiff's Motion to Set for Trial or for a Hearing on the Temporary Reinstatement, on Page 3 it is stated:

'Judge Marshall already decided this issue in his order of October 24, 1988. He ordered that the plaintiff's claim for injunctive relief be stricken. Now plaintiffs are wasting the time and effort of the defendant and this Court by again requesting injunctive relief in asking that a preliminary hearing be set. Because the law is so clear on this issue and because it has already been decided by Judge Marshall, plaintiff's request for a preliminary hearing is not warranted by existing law or a good-faith argument for the extension or modification of existing law. Rule 11 sanctions should be awarded to the defendant for being forced to respond to this frivolous request.'

"That is pretty strong language.

"MR. ROSSIELLO: It's somewhat misleading.

"THE COURT: Well, who is the author of it?

"MR. ROSSIELLO: Counsel.

"MR. FISHER: I am, your Honor.

"THE COURT: You may proceed on it.

"MR. FISHER: Your Honor, I don't remember the exact date, but some time ago we moved to have the request for injunctive relief stricken because we believe that the law is clear that injunctive relief is not available in a case such as this; and we've cited cases in our—in this brief to support that position. We presented that motion before Judge Marshall, and he granted that motion. Now Mr. Rossiello, as I understand it, did not oppose the motion at that time. Nevertheless, the judge—Judge Marshall granted the motion, and I believe correctly so. I won't [speak] for the reasons that Mr. Rossiello chose to not to oppose the motion, but it was in fact granted, and I think properly so. And that's the reason we've made this argument here.

"MR. ROSSIELLO: Judge we're not asking—

"THE COURT: That order was entered on October 24, 1988, and today is January 26, 1989. Did Judge Marshall enter that order?

"MR. ROSSIELLO: No.

"THE COURT: He didn't?

"MR. ROSSIELLO: No.

"THE COURT: Do you have a copy of the order there?

"MR. FISHER: It should [be] attached, and I have a copy in front of me.

"THE COURT: Are you telling me he didn't enter it when counsel tells me there is a copy attached to the motion?

"MR. ROSSIELLO: Judge, we're not asking for injunctive relief.

"THE COURT: Well, did Judge Marshall enter that order?

"MR. ROSSIELLO: There was a motion to strike the—

"THE COURT: Did Judge Marshall enter an order on—

"MR. ROSSIELLO: I don't recall—

"THE COURT:—October 24, 1988?

"MR. ROSSIELLO: I do not recall—I do not recall such an order being entered.

"THE COURT: Do you have a copy of it in your hand there, Counsel?

"MR. FISHER: Yes, I do, your Honor. (Said document was tendered to the Court.)

"MR. ROSSIELLO: What is the order? I don't—

"THE COURT: This is a copy of an order dated October 24, 1988, which states in part: "Defendant's motion to dismiss plaintiff's complaint as to Club Corporation of America, Inc., and strike plaintiff's request for injunctive relief is granted.

"MR. ROSSIELLO: All right. That's in the prayer for relief. That's right. That was stricken from the prayer for relief. Okay. We are not asking for injunctive relief today. I mean, I didn't want to interrupt the Court a few minutes ago, but—

"THE COURT: You filed a motion for preliminary injunction, didn't you?

"MR. ROSSIELLO: I filed a motion for preliminary reinstatement, for a hearing on temporary reinstatement pending the outcome of the case as provided by the statute, Section 216(b). That's all. I'm not asking for any injunction. I can't. The only—the Secretary of Labor is the only one, Judge, who can ask for an injunction.

"MR. FISHER: Your Honor, if I may respond.

"THE COURT: That is exactly what opposing counsel has said here, and he has cited those cases. And I assume that was the basis for Judge Marshall's ruling on

October 24, 1988. So don't you regard your motion for temporary reinstatement as to be preliminary relief or injunctive relief?

"MR. ROSSIELLO: Well, it's not an injunction, Judge. This is a case under the Fair Labor Standards Act. It's an overtime pay case. The statute, Section 216(b), says that if an employer—that it—these are actually retaliatory discharge cases under this act. And the statute says that if the aggrieved employee is discharged in retaliation for opposing practices made unlawful by the overtime pay provisions of the Fair Labor Standards Act, he can be reinstated. Now,—

"THE COURT: Who files the motion?

"MR. ROSSIELLO: I do.

"THE COURT: The statute says that?

"MR. ROSSIELLO: Yeah. I'm sorry. The only thing the plaintiff can't get in one of these cases is—

"THE COURT: What does the statute say?

"MR. ROSSIELLO: The statute says that any aggrieved individual who is the victim of discrimination as a result of opposing practices made unlawful by the Fair Labor Standards Act and the overtime pay provisions is entitled to reinstatement, to back pay, and to liquidated damages and attorney's fees. Now, later on in the statute—

"THE COURT: Now, when it says that, does it say that the individual by his private counsel may come in to obtain injunctive relief from the Court, or does it leave it to the Secretary of Labor to pursue?

"MR. ROSSIELLO: The Secretary is the only one who can get injunctive relief, as far as I understand. Now, I did not ask for injunctive relief.

"THE COURT: You are asking for the Court to enter an order on the defendants to reinstate your client prior to the adjudication on the merits; is that right?

"MR. ROSSIELLO: Yes. I'm asking for a hearing on—

"THE COURT: That is injunctive relief.

"MR. ROSSIELLO: Well, that's—it's equitable relief, but it's not an injunction. The—I'm not asking for a prohibiting or a mandatory injunction against the defendant. What I'm asking for, Judge, is that there is irreparable harm being—taking place to two of the plaintiffs.

"THE COURT: In fact, you're going to tell me under Roland Machinery the four or five factors to take into account in determining whether injunctive relief should be granted; is that right, such as irreparable harm?

"MR. ROSSIELLO: Well, that's one of them.

"THE COURT: And yet you're not going to call it injunctive relief?

"MR. ROSSIELLO: Well, it's equitable relief. The statute provides, Judge, the reinstatement, and unless the—

"THE COURT: We're wasting time here. Judge Marshall has ruled on this point.

"MR. ROSSIELLO: Well, what he's ruled on is that he just struck it from the complaint.

"THE COURT: And furthermore, the defendant's response to the plaintiff's motion to set for trial or for a hearing on temporary reinstatement adequately states the law. And it has sufficient citations to convince me that the type of relief that you are requesting is injunctive in nature and that you personally are barred from bringing it on behalf of your client. And if it is to be brought at all, it should be brought by the Secretary of Labor.

"MR. ROSSIELLO: But not the reinstatement, Judge. The statute expressly—

"THE COURT: Judge Marshall has ruled, and I have ruled.

"MR. ROSSIELLO: Right. I'm not taking issue with that.

"THE COURT: Now, the next issue is what?

"MR. ROSSIELLO: May I explain, just start from the beginning, your Honor?

"THE COURT: No. That decides that issue. Now—"

After ruling on this issue, the court recommended referral of the action to Magistrate Balog for all pre-trial issues on March 7, 1989, and the case was transferred. On March 31, 1989, plaintiffs filed an "Application for Preliminary Injunction", seeking relief under 29 U.S.C. sections 215(a)(3) and 216(b). Plaintiffs' Application, p. 1. This court set a briefing schedule and referred the application to the magistrate, in accordance with the court's previous order. This matter was fully briefed before the magistrate. On April 21, 1989, Magistrate James T. Balog tendered his Report and Recommendation on the plaintiffs' application for preliminary injunction to this court. The magistrate found that plaintiffs had no authority to seek injunctive relief under § 216(b). Accordingly, the magistrate stated "Thus it is recommended that the plaintiff's third application for preliminary injunction filed March 31, 1989 be denied as frivolous." Report and Recommendation of Magistrate James T. Balog, p. 3.

On April 28, 1989, counsel for plaintiffs and defendants again appeared in this court. On the record, the following was said:

"MR. FISHER: Good afternoon, your Honor. Andrew Fisher for the defendant, The Metropolitan Club of Chicago.

"MR. ROSSIELLO: Good afternoon, Judge. Ernest Rossiello for the plaintiffs.

"THE COURT: Mr. Rossiello, when you made your statement this morning, I said to you that the first order of business would be—

"MR. ROSSIELLO: Yes.

"THE COURT:—whether you had followed the proper procedure to put a case on the Court call. Now, I have before me a document which is entitled Exceptions To The Magistrate's Recommendation To Refuse To Set A Hearing On The Motion For Preliminary Injunction and Supplemental Motion For Injunctive Relief Pursuant to Title 29 U.S.C. Section 215(a)(3).

"MR. ROSSIELLO: Yes.

"THE COURT: Did you file this document with the Clerk's office?

"MR. ROSSIELLO: No. It was filed in Mr. Fulbright's office last night.

"THE COURT: Documents are filed in the office of the Clerk.

"MR. ROSSIELLO: Excuse me?

"THE COURT: Documents should be filed in the office of the Clerk, Mr. Stuart Cunningham's office.

"MR. ROSSIELLO: Right, on the 20th Floor. That's the general rule, correct.

"THE COURT: That is not only the general rule, that is the rule that I have set going back to 1985, and as a matter of fact, since 1985, about one-and-a-half feet away from the chamber's door there is a statement to that effect, and there is, as I recall, an announcement right outside the courtroom door, that pleadings must be filed in the Clerk's office. This pleading was not filed in the Clerk's office. And furthermore, I don't believe that you ever talked to Mr. Fulbright personally about the filing of this document, and Mr. Fulbright has not, in effect, filed it. So—

"MR. ROSSIELLO: Right, I haven't talked with him. I haven't spoken with him.

"THE COURT: So, it hasn't—it hasn't been filed.

"MR. ROSSIELLO: Right, I admit—

"THE COURT: And that's one thing you must do before you can be heard by the Court.

"MR. ROSSIELLO: All right, may the plaintiffs be heard? I know the rules very well.

"THE COURT: Well, you haven't followed the rule, and, therefore, I'm not going to hear the motion. And also, it is not proper or fair for you, given these circumstances, to inform opposing counsel to be present. Now, you simply haven't filed the document.

"MR. ROSSIELLO: May the plaintiffs be heard?

"THE COURT: Yes.

"MR. ROSSIELLO: All right.

"THE COURT: On that issue. That is, the filing of the document.

"MR. ROSSIELLO: Yes, exactly. Let's treat that issue, first, I agree.

"THE COURT: It may be—it may be the last, too.

"MR. ROSSIELLO: Well, that may be the last, if your Honor's decision is final already. I have a copy of the statute.

"THE COURT: Which statute?

"MR. ROSSIELLO: Title 28 U.S.C. Section 1657(a).

"THE COURT: Does it refer to the filing of a document in the office of Stuart Cunningham, the Clerk?

"MR. ROSSIELLO: Indirectly, it does.

"THE COURT: Does it say—

"MR. ROSSIELLO: Yes.

"THE COURT:—that you can proceed in a courtroom without filing a pleading?

"MR. ROSSIELLO: Would you like to see the statute?

"THE COURT: No. I'm asking you whether that says that you can proceed in a courtroom without filing a document with the Clerk.

"MR. ROSSIELLO: First, it says, 'Notwithstanding any other provision of law.' That's the preface of the statute, No. 1. No. 2, the rule that your Honor is speaking about, General Rule 12, which was amended in October of 1988, does not deal with emergencies.

"THE COURT: What does the rule say?

"MR. ROSSIELLO: It says nothing about emergencies.

"THE COURT: What does it say?

"MR. ROSSIELLO: I have a copy of it here.

"THE COURT: Well, read it into the record.

"MR. ROSSIELLO: It's quite long. I mean, it's like—it goes up to sub-part P—or Q.

"THE COURT: Well, what is the applicable portion with respect to filing a document with the Clerk's office and having it set on a motion call?

"MR. ROSSIELLO: Judge, I agree 100 percent with your Honor. I'm not disagreeing with you that motions of course require the notice provision of two days,

also filing with the Clerk's office. There are two particular provisions—

"THE COURT: Why didn't you file this with the Clerk's office?

"MR. ROSSIELLO: Because this is an emergency.

"THE COURT: Well, why didn't you file it with the Clerk?

"MR. ROSSIELLO: Because the Clerk's —because the 20th Floor closes at 4:30.

"THE COURT: And what time did you arrive there?

"MR. ROSSIELLO: About five after 5:00.

"THE COURT: You knew that, didn't you?

"MR. ROSSIELLO: Excuse me?

"THE COURT: You knew the Clerk's office closed at 4:30.

"MR. ROSSIELLO: That's true, I do.

"THE COURT: Did you go then the next morning and file the document?

"MR. ROSSIELLO: It would have been too late. They would have never brought it up here on time.

"THE COURT: So, you didn't—you didn't go to the Clerk's office and file it?

"MR. ROSSIELLO: That's—I did not. That's true.

"THE COURT: So, what did you do with this—

"MR. ROSSIELLO: All right, I followed 28 U.S.C. Section—

"THE COURT: What did you specifically do with this piece of paper that I have before me?

"MR. ROSSIELLO: What I did with that piece of paper, I brought it—I treated it as an emergency, and I brought it directly to your Honor's minute clerk's office.

"THE COURT: How did you do that?

"MR. ROSSIELLO: I left it under his door at about five after 5:00, ten after 5:00 last night.

"THE COURT: That's what you did?

"MR. ROSSIELLO: Yes, that's right.

"THE COURT: And you expected this matter to be heard this morning?

"MR. ROSSIELLO: As an emergency at the Court's convenience.

"THE COURT: So, it never has been filed?

"MR. ROSSIELLO: It hasn't been filed.

"THE COURT: And it still hasn't been filed.

"MR. ROSSIELLO: If your Honor wants to give it back to me, I can do that, but I—

"THE COURT: Here it is.

"MR. ROSSIELLO: I think, your Honor—I think you're making a mistake.

"THE COURT: File the document. Go to the Clerk's office and file it.

"MR. ROSSIELLO: May I come right back with it?

"THE COURT: Yes.

"MR. ROSSIELLO: All right, thank you very much.

"THE COURT: I don't know if you'll be heard on it, but you can come back—

"MR. ROSSIELLO: All right, thank you.

"THE COURT: —after it's filed.

"MR. ROSSIELLO: All right, in the meantime, just—

"THE COURT: Carry out my instruction.

"MR. ROSSIELLO: Yes, I'll be right back.

(Whereupon, Mr. Rossiello exited the courtroom; having returned at 1:55 o'clock p.m., the following further proceedings were had herein:)

"THE CLERK: 88 C 6965, Alfonso Avitia vs. The Metropolitan Club of Chicago, Inc.

"MR. ROSSIELLO: Your Honor, I want to state that I have not made it a habit in the past nor have I—do I intend in the future to engage in this practice. I am well aware of the rules. I know it's an inconvenience to the Court to have papers—and it's also an inconvenience to the Clerk's office to have these papers all over the place and not properly docketed. However, because of some happenings late yes-

terday afternoon, this is an emergency, and I would like to address it very briefly.

"THE COURT: Well, first, counsel, will you identify yourself for the record.

"MR. FISHER: Andrew Fisher for the defendant, The Metropolitan Club of Chicago, your Honor.

"THE COURT: So, you were given notice, I assume, by telephone from Mr. Rossiello of this, is that right?

"MR. FISHER: That's not correct. We received this motion last evening. The certificate of service indicates that it was served at 5:00 o'clock. I'm not sure what time it arrived at our office, but it did arrive last evening.

"THE COURT: By a delivery service?

"MR. FISHER: I believe so.

"MR. ROSSIELLO: Yes, by hand, we had it delivered.

"THE COURT: Okay. Now, are you prepared to respond to this motion?

"MR. FISHER: No, your Honor. We would like an opportunity to respond in writing to the motion.

"THE COURT: Now, the motion is styled, Exceptions To The Magistrate's Recommendation To Refuse To Set A Hearing On The Motion For Preliminary Injunction And Supplemental Motion For Injunctive Relief Pursuant To Title 29 U.S.C. Section 215(a)(3). The report and recommendation of Magistrate James T. Balog is before the Court, and Magistrate Balog concludes by saying:

'Neither the statute or case law have changed since the previous rulings of this Court. Thus, it is recommended that the plaintiffs' third application for preliminary injunction filed March 31, 1989 be denied as frivolous.'

And the ruling of Magistrate Balog rests substantially on the case of Barrentine vs. Arkansas–Best Freight Systems, Inc., 750 F.2d at 51 (8th Circuit, 1984), cert. denied, and there is a substantial quote from that case, entitled 'Injunctive Relief,' and in part, the Court in Barrentine said:

'Courts are in agreement that under this scheme, an employee's action can be maintained only to recover back wages and liquidated damages, and not to obtain injunctive relief against future violations. Only the secretary is vested with the authority to seek an injunction. Although the injunction in the present case is limited, applying only to the individual employees involved in the suit, and is ancillary to an award of money damages, we do not believe it is authorized under the comprehensive statutory enforcement scheme.

'Accordingly, we affirm the judgment of the 6 District Court as to back wages and vacate the injunction.'

Now, resting on that case, Magistrate Balog made his report and recommendation to the Court. Now, you are asking for a hearing on an injunction—or asking me to order the Magistrate to conduct a hearing on your motion for preliminary injunction, when the case law says that you are not entitled to have—that is, to seek injunctive relief.

"MR. ROSSIELLO: May we be heard? Magistrate Balog is clearly erroneous. Your Honor, I know there is a—there seems to be an innate disinclination of Judges to favor cases that are assigned to them from other Judges. This case was not—

"THE COURT: Now, that kind of assertion is totally improper.

"MR. ROSSIELLO: Well—

"THE COURT: It implies that the Judges are unfair and are not ruling—

"MR. ROSSIELLO: No.

"THE COURT: —on the facts and the law.

"MR. ROSSIELLO: No.

"THE COURT: And I won't listen to you.

"MR. ROSSIELLO: No, your Honor is very fair. I have no problem with your Honor being fair.

"THE COURT: Not only me. I'm saying that kind of broad assertion is uncalled for.

"MR. ROSSIELLO: Well, Magistrate Balog is clearly erroneous. That Barrentine case is not a case under Section 215(a). If

you will listen for about one or two minutes, I will explain to you why this relief is appropriate under the statute. It is crystal clear. I even gave you a case, which is attached—

"THE COURT: All right, before you make that—make any further statement—

"MR. ROSSIELLO: Right.

"THE COURT: —and since you have filed a pleading and have attached a case—

"MR. ROSSIELLO: Right.

"THE COURT: —I will give The Metropolitan Club of Chicago an opportunity to file a responsive pleading.

"MR. ROSSIELLO: All right, I have no problem—

"THE COURT: How much time do you need?

"MR. FISHER: Your Honor, we would ask for 14 days.

"MR. ROSSIELLO: No, absolutely not. This is an emergency. They're going to fire two people probably today or Monday. If your Honor will read the papers—Judge, we were here four weeks ago. Remember, I brought that man in, Mr. Khania, K-h-a-n-i-a, and I said they were going to fire him? He fell down 22 steps, and they told their workmen's compensation insurance carrier not to give him his compensation, and he came to Court, and I read the doctor's note to your Honor, and your Honor said, 'Do you have any intention of firing him, Mr. Fisher?' And Mr. Fisher said, 'No, we don't.' He's been back to work, Judge, 18 business days, and he's got six—here it is, right here, Judge. Would you please look? —62 written criticisms in his file in the last 18 days.

"THE COURT: All right, you have 10 days, since there is an objection to 14 days, to file a responsive pleading. Will you need time to reply?

"MR. ROSSIELLO: Judge, I think that should be like three or four days. They're going to fire these people. Irreparable injury will—will result. The statute, the congressional intention and the Supreme Court of the United States say these are emergencies. A prima facie violation—and I quote, 215(a)(3) says: 'A prima facie violation is any discrimination under the wage hour laws.'

"THE COURT: All right, 10 days to file a responsive pleading.

"MR. ROSSIELLO: The abuse they've put these two people through, Judge, in the last four or five days, no human being should endure. If you read the papers, you'll see it. It should be more like five days, at most. And I would like to be back here next Friday, if you please, to have your Honor consider this. And please have your law clerk read the Barrentine case and read the Marchak case, which I attached to my motion. Judge, the problem here is that the defendant has had everybody fooled for a little while.

"THE COURT: Stop talking, will you. You're making these assertions. This is not a hearing. You're just—just running off at the mouth.

"MR. ROSSIELLO: I'm not running off at the mouth.

"THE COURT: That's what you're doing.

"MR. ROSSIELLO: If you want to deny it, deny it now, and we'll go right to the Court of Appeals on this. Magistrate Balog is flat wrong. Flat wrong. No one—

"THE COURT: Don't point your finger at me, and don't shout at me in this courtroom. Don't point at me again, and don't shout or raise your voice at me. Do you understand that?

"MR. ROSSIELLO: Yes. Magistrate Balog did not—

"THE COURT: Did you understand what I just said?

"MR. ROSSIELLO: Yes, I did, your Honor.

"THE COURT: All right, 10 days to file a responsive pleading. After I see the response, I'll set the matter for the next hearing date, if any.

"MR. ROSSIELLO: Will your Honor please admonish the defendant not to harass those two people for the next week?

"THE COURT: I admonish you to act like a professional attorney, and I admonish you, counsel, to do the same.

"MR. ROSSIELLO: And I would ask your Honor's—

"MR. FISHER: Yes, your Honor.

"MR. ROSSIELLO: —your Honor's staff to please read the record in this case, and the briefs and the case law very carefully.

"THE COURT: I will direct what my staff does—

"MR. ROSSIELLO: All right.

"THE COURT: —or does not do.

"MR. ROSSIELLO: And when can we come back here on this matter?

"THE COURT: Did you hear what I just said before?

"MR. ROSSIELLO: You said ten days. When is—do we have a new date on this?

"THE COURT: Read back what I just said to Mr. Rossiello. You were so busy talking, you didn't listen. (Record read.)

"MR. ROSSIELLO: Your Honor, I would oppose for two reasons: Under Rule 3 of the Federal Rules of Civil Procedure, if you give him ten days without giving a specific date, he's really got two weeks. So, if you want to set that ten days and give a specific ten days and make that May the—May 9th—

"THE COURT: So ordered. May 9th to file a responsive pleading."

Defendant filed its Response to Plaintiffs' Exceptions to the Magistrates Recommendation on May 12, 1989. Plaintiffs' Reply was filed on May 24, 1989. Those objections are now before this court.

## DISCUSSION

Under 28 U.S.C. § 636(b)(1)(B), a magistrate is empowered to submit to this court proposed findings of fact and recommendation of disposition of a motion for injunctive relief. Accordingly, this court reviews the magistrate's recommendation under a *de novo* standard. *See also, Jacobsen v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.,* 594 F.Supp. 583 (D.Maine 1984).

The conduct of plaintiffs' counsel in this case has been, to say the least, disingenuous. As the above transcripts demonstrate, plaintiffs' counsel has persistently engaged in half-truths and misrepresentation of current law when appearing before this court. Counsel has attempted to avoid the effect of prior rulings by employing various titles for his motions, such as "Motion for Temporary Reinstatement." However, as this court determined on January 26, 1989, the "equitable relief" sought by plaintiffs, by any other name, is still an injunction. Citation to statutory authority is incorrect and misleading. For example, counsel cites to 28 U.S.C. section 1657(a) as authority for the filing of motions. Nothing in this section, either directly or indirectly, deals with the filing of motions in this court.

After extensive *de novo* review of all pleadings submitted in this case, the court finds Magistrate Balog's recommendation to be correct. For the third time, plaintiffs' counsel seeks an injunction. All three applications for preliminary injunction are based upon either section 216(b) or a combination of section 216(b) and 215(a)(3). Section 215(a)(3) concerns itself with violations of the Fair Labor Standards Act ("FLSA"). Nothing in that section gives a private individual the right to obtain an injunction under the FLSA. Plaintiffs cite to the case of *Marchak v. Observer Publications, Inc.,* 493 F.Supp. 278 (D.R.I.1980) in support of their motion for injunction. That case holds, however, that "[a]n employee's remedy is limited to an action under section 216(b) to recover back wages and liquidated damages." *Marchak,* 493 F.Supp. at 280. Nothing in the case supports plaintiffs' position.

The law on this issue is clear. "[T]he injunctive remedy provided to restrain violations of [section 215(a)] as part of the enforcement scheme is found exclusively in § 217. This remedy is reserved exclusively for the Secretary of Labor or his designated representative." *In re Southwest Equipment Rental, Inc.,* 102 B.R. 132 (E.D.Tenn.1989) (citing *Barrentine v. Arkansas-Best Freight Sys., Inc.,* 750 F.2d

47, 51 (8th Cir.1984)). Nothing in the statute or case law support plaintiffs' assertion of a right to preliminary injunction. Judge Marshall had previously stricken plaintiffs' prayer for injunctive relief on October 24, 1988. This court had denied plaintiffs second application for injunctive relief on January 26, 1989. Now, Magistrate Balog recommends that plaintiff's third application for injunctive relief be denied. This court cannot conceive of a way in which it can make its decision any clearer. Accordingly, the court adopts the recommendation of the magistrate and denies plaintiffs' third application for preliminary injunction.

IT IS SO ORDERED.