**PUBLISH**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

_____

No. 96-5119

_____

D. C. Docket No. 95-6233-Civ-WJZ

JAMES E. POWELL, on behalf of
himself and all others present
and former employees similarly
situated, RUSSELL R. SMITH,

Plaintiffs-Appellants,

versus

STATE OF FLORIDA, LAWTON CHILES,
Governor, WILLIAM LINDER, Secretary,
Secretary of the Department of
Management Services,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(January 9, 1998)**

Before TJOFLAT and BIRCH, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

Plaintiff, James E. Powell, attempting to bring a class action, sued the State of Florida for back wages for overtime work and for injunctive enforcement of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (1994). He alleges that he and his alleged class members were misclassified as "excluded" employees for the purpose of not paying overtime wages for overtime hours that they worked.

1

The district court properly dismissed the claim for unpaid overtime wages based on the State's Eleventh Amendment immunity. *Seminole Tribe of Florida v. Florida*, __ U.S. __, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). *See Quillin v. Oregon*, Nos. 96-35790, 96-35777, 1997 WL 644043 at *1 (9th Cir. Oct. 21, 1997); *Close v. New York*, No. 1248, Docket 96-9252, 1997 WL 540848 at *4 (2d Cir. Sept. 4, 1997); *Mills v. Maine*, 118 F.3d 37, 40 (1st Cir. 1997); *Aaron v. Kansas*, 115 F.3d 813, 814 (10th Cir. 1997); *Raper v. Iowa;*, 115 F.3d 623, 624 (8th Cir. 1997); *Balgowan v. New Jersey*, 115 F.3d 214, 217 (3d Cir. 1997); *Moad v. Arkansas State Police Dep't*, 111 F.3d 585, 586 (8th Cir. 1997); *Wilson-Jones v. Caviness*, 99 F.3d 203, 210 (6th Cir. 1996), *reh'g denied and amended by* 107 F.3d 358 (6th Cir. 1997). *Compare Timmer v. Michigan Dep't of Commerce*, 104 F.3d 833, 838-40 (6th Cir. 1997) (no Eleventh Amendment immunity from suits brought under the Equal Pay Act because that Act could have been passed pursuant to Congress's Fourteenth Amendment powers).

The district court properly held that the right to bring an action for injunctive relief under the Fair Labor Standards Act rests exclusively with the United States Secretary of Labor. *See* 29 U.S.C. §§ 211(a), 216(b) (1994); Reorg. Plan No. 6 of 1950, 15 Fed. Reg. 3174, *reprinted in* 5 U.S.C. app. at 1469 (1994). Although this Court has not yet addressed the issue, we follow the decisions of the other circuits which have held that the plain language of the Act provides that the Secretary of Labor has the exclusive right to bring an action for injunctive relief. *See Barrentine v. Arkansas-Best Freight System*, 750 F.2d 47, 51 (1984 ) ("only the Secretary is vested with the authority to seek an injunction"); *Morelock v. NCR Corp.*, 546 F.2d 682, 688 (6th Cir. 1976), *rev'd on other grounds*, 435 U.S. 911 (1978) ("[I]ndividuals are limited to seeking legal remedies and are precluded from obtaining injunctive relief."); *Powell v. Washington Post Co.*, 267 F.2d 651, 652 (D.C. Cir. 1959) ("In so far as plaintiff's prayer relates to action by the Secretary to restrain violations, the answer is that the appeal is to his discretion."); *Roberg v. Phipps Estate*, 156

F.2d 958, 963 (2d Cir. 1946) ("[T]he Administrator has exclusive authority to bring such an [injunction] action."); *Bowe v. Judson C. Burns, Inc.*, 137 F.2d 37, 39 (3d Cir. 1943) ("We think it is plain from this language that the right of the administrator to bring an action for injunctive relief is an exclusive right.").

With this decision, it is apparent that the argument that alleged class members should have been given opt-in notification is moot.

**AFFIRMED.**