John **BAILEY, et al., Plaintiffs,**

v.

**GULF COAST TRANSPORTATION, INC., et al., Defendants.**

**No. 8:01CV53T23EAJ.**

United States District Court, M.D. Florida, Tampa Division.

March 29, 2001.

---

Stacey Klein Verde, Sam J. Smith, Karen M. Doering, Burr & Smith, LLP, Tampa, FL, David J. Sockol, Robert M. Bortner, Sockol & Associates, P.A., St. Petersburg, FL, for Plaintiffs.

Thomas C. Garwood, Jr., Lori R. Benton, Ford & Harrison, LLP, Orlando, FL, for Defendants.

### ORDER

MERRYDAY, District Judge.

The plaintiffs, taxicab drivers in Hillsborough County, Florida, instituted this collective action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), on January 10, 2001. Shortly after receiving the complaint, the defendants terminated the business relation between each of the plaintiffs and the defendant Gulf Coast Transportation, Inc. ("Gulf Coast"). The parties dispute the characterization of the business relation between the taxicab drivers and Gulf Coast. The plaintiffs assert that an employer/employee relation exists subjecting the parties to the provisions of the FLSA and that the termination of the employer/employee relation violated the anti-retaliation provisions of section 215(a)(3) of the FLSA.[1] The defendants counter that the plaintiff taxicab drivers are independent contractors and that the contract between the parties exempts them from FLSA coverage, including the anti-retaliation provisions of the statute. Regardless of the characterization of the relation between the parties, the record establishes that the plaintiffs were taxicab drivers associated with Gulf Coast before filing this action and that the relation was terminated shortly after and allegedly consequent upon the filing.

The plaintiffs initially attempted to remedy their termination by means of a motion for a temporary restraining order (Doc. 3), which was filed on January 12, 2001 and denied the same day (Doc. 4). Now before the Court is the plaintiffs' motion for a preliminary injunction (Doc. 12) ordering the defendants (1) to reinstate certain plaintiffs to their former positions as taxicab drivers pursuant to section 215(a)(3) of the FLSA and (2) to refrain from further retaliatory actions against plaintiffs who have joined this action pursuant to section 215(a)(3) of the FLSA. Following review of the parties' briefs, the

---

1. Section 215(a)(3) of the FLSA states:

   (a) After the expiration of the one hundred and twenty days from June 25, 1938, it shall be unlawful for any person-

   .    .    .    .    .

   (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

   29 U.S.C. § 215(a)(3). In this order, particular sections of the FLSA are referred to by their numeric designations contained in Title 29 of the United States Code.

Court heard oral argument on the plaintiffs' motion on February 9, 2001. The Court also received and reviewed the parties' supplemental papers concerning the instant motion.[2] The instant motion presents the threshold issue of whether the FLSA provides a private right of action for preliminary injunctive relief to restrain retaliatory conduct by a defendant in violation of section 215(a)(3) of the FLSA.

Section 217 of the FLSA confers jurisdiction on district courts to enforce the provisions of section 215 and states in relevant part:

> The district courts ... shall have jurisdiction, for cause shown, to restrain violations of section 215 of this title....

29 U.S.C. § 217.

Section 211(a) states in relevant part:

> Except as provided in section 212 of this title [concerning child labor regulation], the Administrator [Secretary of Labor][3] shall bring all actions under section 217 of this title to restrain violations of this chapter.

29 U.S.C. § 211(a).

The defendants cite these statutory provisions for the proposition that the Secretary of Labor has the exclusive right to bring an action for injunctive relief under the FLSA. Courts generally have adopted that reading of the FLSA. *See, e.g., United Food & Commercial Workers Union v. Albertson's, Inc.*, 207 F.3d 1193, 1197 (10th Cir.2000); *Balgowan v. State of New Jersey*, 115 F.3d 214, 218 (3d Cir.1997); *Barrentine v. Arkansas-Best Freight System, Inc.*, 750 F.2d 47, 51 (8th Cir.1984), *cert. denied*, 471 U.S. 1054, 105 S.Ct. 2116, 85 L.Ed.2d 480 (1985); *Bergemann v. State of Rhode Island*, 958 F.Supp. 61, 69 (D.R.I.

1997); *Keenan v. Allan*, 889 F.Supp. 1320, 1382 (E.D.Wash.1995). *See also Lorillard v. Pons*, 434 U.S. 575, 581, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978) ("[I]n construing the enforcement section of the FLSA, the courts had consistently declared that injunctive relief was not available in suits by private individuals but only in suits by the Secretary.")

The plaintiffs counter by citing section 216(b) of the FLSA, which provides in relevant part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b). The plaintiffs argue that section 216(b) establishes the right of

---

**2.** Upon consideration, the plaintiffs' motion to strike the defendants' filing of supplemental authority (Doc. 31) is **DENIED**.

**3.** The functions of the Administrator of the Wage and Hour Division of the Department of Labor under the FLSA were transferred to the Secretary of Labor pursuant to the Reorganization Plan No. 6 of 1950, § 1, eff. May 24, 1950, 15 Fed.Reg. 3174, 64 Stat. 1263, as amended Pub.L. 99–619, § 2(c)(1), Nov. 6, 1986, 100 Stat. 3491.

a private party litigant, in addition to the Secretary of Labor, to maintain an action for preliminary injunctive relief for violations of the FLSA's anti-retaliation provision.

The plaintiffs emphasize that section 216(b) as currently codified resulted from amendments to the FLSA enacted in 1977. *See* Fair Labor Standards Amendments of 1977, Pub.L. No. 95–151 (codified as amended in scattered sections of 29 U.S.C. §§ 201–219). The 1977 amendments added the second sentence of the current section 216(b), which refers specifically to liability for violations of section 215(a)(3), and modified the third sentence by inserting the phrase "[a]n action to recover the liability prescribed in either of the preceding sentences" at the beginning of that sentence in place of the phrase "[a]ction to recover such liability". The plaintiffs argue that the range of remedies provided for violations of section 215(a)(3) in the second sentence of section 216(b), when compared to the more limited remedies provided for violations of sections 206 and 207 in the first sentence of section 216(b), demonstrates Congress' intent, as expressed by the 1977 amendments, to provide for a private right of action to obtain preliminary injunctive relief for violations of section 215(a)(3).

Although not cited by the plaintiffs, a brief section of the published legislative history of the 1977 FLSA amendments arguably supports the plaintiffs' position. The legislative history indicates that a Senate amendment ultimately adopted in conference "authorizes employee suits for appropriate legal or equitable relief against any employer who discharges or otherwise discriminates against an employee who seeks to enforce the Act or cooperates with the Secretary in enforcing the Act." H.R. Rep. 95–521, 95th Cong., 1st sess. 1977, reprinted at 1977 U.S.C.C.A.N. 3201, 3261. However, even this passage fails to mention any right to preliminary injunctive relief. *Cf. Travis v. Gary Cmty. Mental Health Ctr.*, 921 F.2d 108, 111–112 (7th Cir.1990) (characterizing the legislative history as "unhelpful" in determining the forms of relief authorized by the 1977 amendment of section 216(b)), *cert. denied,* 502 U.S. 812, 112 S.Ct. 60, 116 L.Ed.2d 36 (1991).

The plaintiffs' argument conflicts with *Powell v. State of Florida,* 132 F.3d 677, 678 (11th Cir.), *cert. denied,* 524 U.S. 916, 118 S.Ct. 2297, 141 L.Ed.2d 158 (1998), which holds that "the right to bring an action for injunctive relief under the [FLSA] rests exclusively with the United States Secretary of Labor." The plaintiff in *Powell* sued the State of Florida for back wages for overtime work and for injunctive enforcement of the FLSA, alleging that he was incorrectly classified as an "excluded" employee for the purpose of entitlement to overtime wages. The district court dismissed the claim for overtime wages on the basis of the State's Eleventh Amendment immunity and found that the right to obtain injunctive relief rests solely with the Secretary of Labor. Both reasons for the dismissal were affirmed on appeal. Addressing the denial of injunctive relief, *Powell* states, "Although this Court has not yet addressed the issue, we follow the decisions of the other circuits which have held that the plain language of the [FLSA] provides that the Secretary of Labor has the exclusive right to bring an action for injunctive relief." 132 F.3d at 678 (citing *Barrentine v. Arkansas–Best Freight System, Inc.,* 750 F.2d 47, 51 (8th Cir.1984), *cert. denied,* 471 U.S. 1054, 105 S.Ct. 2116, 85 L.Ed.2d 480 (1985); *Morelock v. NCR Corp.,* 546 F.2d 682, 688 (6th Cir.1976), *rev'd on other grounds,* 435 U.S. 911, 98 S.Ct. 1463, 55 L.Ed.2d 503 (1978); *Powell v. Washington Post Co.,* 267 F.2d 651, 652 (D.C.Cir.), *cert. denied,* 360 U.S. 930, 79 S.Ct. 1449, 3 L.Ed.2d 1544 (1959); *Roberg v. Henry*

*Phipps Estate,* 156 F.2d 958, 963 (2d Cir. 1946); *Bowe v. Judson C. Burns, Inc.,* 137 F.2d 37, 39 (3d Cir.1943)).

The plaintiffs advance a number of arguments in an effort to demonstrate that *Powell's* seemingly clear statement of the law on injunctive relief under the FLSA is not controlling. The plaintiffs emphasize that *Powell* involves a suit seeking injunctive relief for violations of the overtime wage provision of the FLSA (*i.e.,* section 207) rather than the anti-retaliation provision (*i.e.,* section 215(a)(3)) at issue in this case. The plaintiffs also argue that all of the cases cited in *Powell* involve wage disputes (as opposed to retaliation disputes) or were decided before the enactment of the 1977 amendments to section 216(b). Finally, the plaintiffs cite cases that either grant or deny injunctive relief on the merits, in which cases the courts do not address the issue of whether a private party has the right to obtain that form of relief under section 216(b) of the FLSA. The plaintiffs infer from these cases the existence of a private right to seek preliminary injunctive relief.

The plaintiffs' reading of the statute and the case law suggests a possible basis for concluding that a private party may have a right to sue for preliminary injunctive relief, *i.e.,* a right to obtain preservation of the *status quo ante* pending a determination on the merits, a form of relief commonly available in accord with established principles. However, the plaintiffs' argument largely depends on statutory provisions and cases that were available when *Powell* held broadly that injunctive relief is exclusively the right of the Secretary of Labor. Although *Powell* admittedly addresses a wage claim rather than a retaliation claim, the resolution of the instant issue is subsumed by the breadth of *Powell* and similar cases.

The plaintiffs cite *Snapp v. Unlimited Concepts, Inc.,* 208 F.3d 928 (11th Cir. 2000), which was decided after *Powell,* for the proposition that the remedies available in wage and overtime cases differ from remedies available in retaliation cases. 208 F.3d at 937. The plaintiff in *Snapp* alleged violations of the minimum wage, overtime, and anti-retaliation provisions of the FLSA. However, the plaintiff sought compensatory and punitive damages rather than injunctive relief for his alleged retaliatory discharge. Therefore, *Snapp* does not address directly the availability of injunctive relief, either preliminary or permanent, for violations of the FLSA's anti-retaliation provision, but instead holds that punitive damages are not authorized by section 216(b) for violations of the FLSA's anti-retaliation provision.

Nonetheless, *Snapp's* examination of the type of relief afforded by section 216(b) is instructive. *Snapp* emphasizes the compensatory nature of the relief available under section 216(b). 208 F.3d at 934 ("[T]here is something that all of the relief provided in section 216(b) has in common: it is meant to *compensate* the plaintiff.") (emphasis in original). Thus, although *Snapp* recognizes a broader range of relief for violations of section 215(a)(3)'s anti-retaliation provision than for wage and overtime violations under sections 206 and 207, *Snapp* nevertheless limits the range of available relief for violations of section 215(a)(3) to that which is necessary to compensate a plaintiff. 208 F.3d at 937. Preliminary injunctive relief commonly serves to preserve the *status quo* rather than compensate a victim for damages suffered as a result of a statutory violation. Thus, although *Snapp* recognizes distinctions in the range of remedies available for violations of different sections of the FLSA, *Snapp* neither limits nor materially modifies *Powell's* holding that the Secretary of Labor retains the exclusive right to sue for injunctive relief under the FLSA.

As the plaintiffs indicate, a few courts have recognized a private right of action to pursue injunctive relief under the FLSA. *See, e.g., Bush v. State Indus., Inc.,* 599 F.2d 780, 786 (6th Cir.1979); *Martinez v. Deaf Smith County Grain Processors, Inc.,* 583 F.Supp. 1200, 1209 (N.D.Tex. 1984). Other courts, however, maintain that private parties may not seek preliminary injunctive relief in retaliation cases. In *Bjornson v. Daido Metal U.S.A., Inc.,* 12 F.Supp.2d 837 (N.D.Ill.1998), for example, the court denied an employee's application seeking preliminary and permanent injunctive relief against retaliation, noting the "overwhelming line of authority holding that private parties suing under [FLSA section] 216(b) are restricted to recovering back wages and liquidated damages." 12 F.Supp.2d at 843. Similarly, *Avitia v. Metro. Club of Chicago, Inc.,* 731 F.Supp. 872 (N.D.Ill.1990), denies an application for a preliminary injunction to prevent an allegedly retaliatory termination under the FLSA. 731 F.Supp. at 880–81.[4]

Other courts land somewhere in the midst of this debate. For example, in *Perez v. Saipan Hotel Corp.,* 1993 WL 444549 (D.N.Mar.I. Oct. 25, 1993), the plaintiffs moved for a preliminary injunction seeking reinstatement as employees of the defendant hotel. The plaintiffs argued that the court had authority to issue the requested injunction pursuant to both the FLSA and the court's inherent equitable power. Considering these arguments *seriatim* the court declined to issue an injunction under the FLSA, holding that the Secretary of Labor is exclusively authorized to seek injunctive relief to redress alleged violations of section 215(a)(3) of the FLSA. 1993 WL 444549, at *3. The court then issued an injunction in the exercise of its inherent equitable power in order to preserve the *status quo* between the parties pending a determination on the merits of the claim.[5]

The plaintiffs advance spirited arguments concerning a private right to seek injunctive relief.[6] However, *Powell* expresses in unmistakable terms that the right to sue for injunctive relief under the FLSA "rests exclusively with the United States Secretary of Labor." 132 F.3d at 678. Because *Powell* neither limits its conclusion to enforcement of specific sec-

---

4. The Seventh Circuit affirmed in *Avitia* without reaching the issue of whether a private party can obtain a preliminary injunction. 924 F.2d 689 (7th Cir.1991). The court noted, somewhat ambiguously, "[t]hat this result must obtain is somewhat regrettable, for the statutory question at issue [private party injunctive relief] is a significant one, and not without sensible arguments on both sides." 924 F.2d at 691 n. 1. The plaintiffs submit an excerpt from an FLSA treatise that cites the Seventh Circuit's footnote for the proposition that a private party may seek a preliminary injunction in retaliation cases. Ellen C. Kearns, *The Fair Labor Standards Act* § 17.-III.D.1.a (1999). The treatise's reference to the Seventh Circuit's interesting recognition of the "sensible arguments" available to the plaintiffs is nonetheless markedly aggressive as a citation of authority.

5. The plaintiffs' motion for preliminary injunction seeks relief solely pursuant to the

FLSA. A request for preliminary relief pursuant to the Court's broad equitable power would present the question whether the Court's general equitable authority (assuming proof of probability of success on the merits, irreparable harm, and other familiar injunctive requirements) to preserve the *status quo ante* pending a determination on the merits is available in a purely statutory claim under the FLSA.

6. The Court also notes that the evidence supporting the substantive merits of the requested preliminary injunction is quite persuasive. Were preliminary injunctive relief available to a private litigant in an FLSA case, the plaintiffs would be entitled on this record to injunctive relief preserving the *status quo ante* pending further litigation. The defendants' conduct is plainly retaliatory.

tions of the FLSA nor limits its holding to the particular facts of *Powell*, the plaintiffs' motion for a preliminary injunction (Doc. 12) is DENIED.