[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 29, 2002
THOMAS K. KAHN
CLERK

_____

No. 01-12379

_____

D. C. Docket No. 01-00053-CV-T-23

JOHN BAILEY and FRANK DUNN,
individually and on behalf of all other similarly-situated persons,

Plaintiffs-Appellants,

versus

GULF COAST TRANSPORTATION, INC. and
NANCY CASTELLANO,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 29, 2002)**

Before WILSON, RONEY and FAY, Circuit Judges.

PER CURIAM:

The issue in this case is whether the Fair Labor Standards Act (FLSA), 29

U.S.C. §§ 201–219, permits employees to obtain preliminary injunctive relief

restraining further retaliatory conduct by their employer and reinstating them to

their former positions. Although the district court found the employers' conduct in this case to be "plainly retaliatory," the court denied the employees' motion for a preliminary injunction, holding that the Secretary of Labor has the exclusive right to seek injunctive relief under the FLSA. We disagree and reverse.

BACKGROUND

John Bailey and other taxi cab drivers were terminated shortly after suing Gulf Coast Transportation, Inc. and its general manager, Nancy Castellano (together Gulf Coast), in a collective action for failing to pay them minimum wages in violation of the FLSA.[1] After their termination, the drivers filed an amended complaint, including a claim for retaliation and a motion for a preliminary injunction to reinstate the drivers who were terminated and to enjoin Gulf Coast from further retaliatory conduct. The district court denied the drivers' motion. The court stated,

> [T]he evidence supporting the substantive merits of the requested preliminary injunction is quite persuasive. Were preliminary injunctive relief available to a private litigant in an FLSA case, the plaintiffs would be entitled on this record to injunctive relief preserving the *status quo ante* pending further litigation. The defendants' conduct is plainly retaliatory.

[1]The parties disagree about the nature of their business relationship. The drivers claim they were employees, while Gulf Coast claims they were independent contractors and were terminated because they "disavowed their independent-contractor relationship." We express no opinion as to whether the drivers were employees or independent contractors, preferring that the district court address this question in the first instance.

2

*Bailey v. Gulf Coast Transp., Inc.*, 139 F. Supp. 2d 1358, 1363 n.6 (M.D. Fla. 2001). However, the court determined that it could not grant a preliminary injunction because of this Court's decision in *Powell v. Florida*, 132 F.3d 677, 678 (11th Cir. 1998) (per curiam) (stating "that the right to bring an action for injunctive relief under the Fair Labor Standards Act rests exclusively with the United States Secretary of Labor"). The drivers appealed.

DISCUSSION

The ultimate decision to grant or deny a preliminary injunction is reviewed for abuse of discretion, but the determinations of law the district court makes in reaching that decision are reviewed de novo. *Teper v. Miller*, 82 F.3d 989, 993 (11th Cir. 1996).

In denying the drivers' motion for a preliminary injunction, the district court determined it could not grant the drivers the relief they sought because of this Court's statement in *Powell* that only the Secretary of Labor could bring an action for injunctive relief under the FLSA. *Bailey*, 139 F. Supp. 2d at 1363–64. In *Powell,* we held that the Secretary alone could bring an action for injunctive relief for violations of the FLSA's wage and overtime provisions, but did not address the question now before us: whether an employee may obtain injunctive relief for

3

violations of the FLSA's antiretaliation provision in § 215(a)(3).[2] 132 F.3d at 678–79. The plain language of § 216(b), which provides a private right of action to employees to seek legal or equitable relief for an employer's violation of the antiretaliation provision, mandates that we answer this question in the affirmative.[3]

The remedies § 216(b) provides to employees for violations of the FLSA's antiretaliation provision are broader than those available for violations of the wage and overtime provisions. *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 933–34 (11th Cir. 2000), *cert. denied*, __ U.S. __, 121 S. Ct. 1609 (2001). One significant difference between the remedies available for violations of the wage and overtime provisions and the antiretaliation provision is the availability of equitable relief. For violations of the wage and overtime provisions, the FLSA does not list

---

[2]The antiretaliation provision makes it unlawful for employers "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215(a)(3).

[3]While some courts have read *Powell* as prohibiting all employee suits for injunctive relief even under the antiretaliation provision of the FLSA, *e.g.*, *Bjornson v. Daido Metal U.S.A., Inc.*, 12 F. Supp. 2d 837, 843 (N.D. Ill. 1998), we find this approach to be contrary to the plain language of § 216(b). Other courts have recognized – as we do here – that the FLSA does provide a private right of action to pursue injunctive relief for violations of the antiretaliation provision. *See Bush v. State Indus., Inc.*, 599 F.2d 780, 782, 786–87 (6th Cir. 1979) (recognizing that the FLSA provides a private right of action for an employee seeking reinstatement); *Martinez v. Deaf Smith County Grain Processors, Inc.*, 583 F. Supp. 1200, 1212 (N.D. Tex. 1984) (granting an injunction to a private litigant and stating that the injunction was "consonant with the remedies explicitly suggested under § 216(b)" because these remedies are meant "to place the employee retaliated against in the same position he would have been in had the retaliation never taken place").

equitable relief as an available remedy in an employee suit.[4]  For violations of the antiretaliation provision, however, the FLSA specifically provides for equitable relief in an employee suit.  29 U.S.C. § 216(b).  Section 216(b) provides that an employer who violates the FLSA's antiretaliation provision "shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of" the antiretaliation provision and provides a private right of action to employees to seek this relief.  *Id.*

Gulf Coast contends that even if § 216(b) allows for some forms of equitable relief, it does not allow for injunctive relief.  Gulf Coast argues that § 217 governs injunctions under the FLSA, and that § 211 provides that except under the child labor laws, the Secretary has exclusive authority to bring proceedings under § 217.  Thus, Gulf Coast maintains that only the Secretary may seek injunctive relief under the FLSA.  We reject this argument as inconsistent with the plain meaning of § 216(b).[5]

---

[4]The only remedies § 216(b) provides for violations of the FLSA's wage and overtime provisions in §§ 206 and 207 are "the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and . . . an additional equal amount as liquidated damages." § 216(b).

[5]The Secretary of Labor filed an amicus brief supporting the drivers' position that the plain language of § 216(b) allows private plaintiffs to obtain injunctive relief in retaliation suits.  The Secretary asserted that even if this Court found the FLSA to be ambiguous, her interpretation is entitled to deference under *Chevron U.S.A. Inc. v. NRDC, Inc.*, 467 U.S. 837, 842–45 (1984).  We need not reach this issue because we find that the plain meaning of § 216(b) permits employees to obtain preliminary injunctive relief.

Section 216(b) was amended in 1977 to allow employees to bring suit seeking legal *or equitable relief* for violations of the antiretaliation provision. Fair Labor Standards Amendments of 1977, Pub. L. No. 95-151, 91 Stat. 1245, 1252. Before these amendments, employees who suffered retaliation had to rely on the Secretary to file suit on their behalf, which "place[d] a heavy burden on the Department of Labor's resources" and left many wrongfully discharged employees without a remedy when the Secretary declined to file suit. *Fair Labor Standards Amendments of 1977: Hearings on S. 1871 Before the Subcomm. on Labor of the Comm. on Human Res.*, 95th Cong. 15–16 (1977). The amendments provided greater protection to employees who suffer retaliation by affording them a private right of action to obtain legal or equitable relief, "including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

An injunction reinstating employees to their former position and restraining further retaliation fits squarely within the relief available under § 216(b), which allows an employee to obtain, "without limitation," equitable relief that is "appropriate to effectuate the purposes" of the antiretaliation provision. An injunction is a prototypical example of equitable relief. *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993) (listing an injunction as its first example of

6

"those categories of relief that were typically available in equity" (emphasis omitted)). Reinstatement is expressly available in § 216(b) and would be achieved through an injunctive order. An injunction reinstating further retaliatory conduct indeed may help to "effectuate the purposes" of the antiretaliation provision in a case such as this, where the district court found Gulf Coast's conduct to be "plainly retaliatory" and where there was evidence that other drivers were fearful of participating in the suit.[6] The primary purpose of the antiretaliation provision is to ensure that fear of retaliation does not "operate to induce aggrieved employees quietly to accept substandard conditions." *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960).

Gulf Coast also argues that even if § 216(b) does allow for injunctions, it does not allow for preliminary injunctions, because it provides that only an employer who "violates" the antiretaliation provision is "liable" for equitable relief. Gulf Coast claims that this language indicates that an injunction should not be issued against an employer until a lawsuit concludes with a finding of liability. However, unless a statute "by a necessary and inescapable inference . . . restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be

---

[6]Several drivers declared that other drivers feared participating in the suit because of Gulf Coast's retaliatory conduct. One driver, Joseph P. Vaccaro, withdrew his Consent to Join form with the understanding that he would be reinstated if he pulled out of the lawsuit.

recognized and applied" to "give effect to the policy of the legislature." *Id.* at 291, 292 (internal quotation marks omitted). Because the language providing for equitable relief for violations of the antiretaliation provision is not restrictive, but expansive ("including *without limitation* employment, reinstatement, [and] promotion," 29 U.S.C. § 216(b) (emphasis added)), we do not find "a necessary and inescapable inference" that Congress intended to restrict courts from issuing preliminary injunctions to preserve the status quo during the pendency of the lawsuit. The antiretaliation provision was meant "to foster a climate in which compliance with the substantive provisions of the Act would be enhanced" by protecting employees who come forward with complaints. *DeMario Jewelry, Inc.*, 361 U.S. at 292. Employees may be much less likely to stand up for their substantive rights under the statute if they know that months or years will pass before a court can act to halt prohibited intimidation by their employer. When an employee has demonstrated a likelihood of success on the merits and satisfied the other requirements for preliminary injunctive relief, allowing for such relief to put the employee back in the position he held before the employer's retaliatory conduct is consistent with § 216(b) – it is a form of equitable relief that effectuates the purposes of the antiretaliation provision.

CONCLUSION

8

We hold that the FLSA permits employees to obtain preliminary injunctive relief to address violations of the Act's antiretaliation provision. We leave to the district court the questions of whether the drivers are independent contractors or employees and whether the drivers have met the requirements for a preliminary injunction in this case.

Accordingly, the district court's order denying the drivers' motion for preliminary injunctive relief is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.