[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-11151
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 18, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-01804-CV-ORL-22-JGG

CHOPPERS, INC.,
WILLIAM DAVID LANE,

Plaintiffs-
Counter-Defendants-
Appellants,

versus

RUSKIN C. PASSARO,
JENNA SCIMONE,
FACTORY DEFECT, INC.,
SOUTHEAST APPAREL, INC.

Defendants-
Counter-Claimants-
Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 18, 2005)

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

On December 10, 2004, the plaintiffs, William David Lane and Choppers Inc., filed a complaint against the defendants, Ruskin C. Passaro, Jenna Scimone, Factory Defect, Inc., and Southeast Apparel, Inc., seeking damages and a preliminary injunction. The plaintiffs sought to prevent the defendants from selling clothing that allegedly displayed the plaintiffs' trademarks and copyrighted artwork. The plaintiffs asserted several federal claims against the defendants: passing off, false designation of origin, and false description, in violation of 15 U.S.C. § 1125(a)(1); dilution of a famous mark, in violation of 15 U.S.C. § 1125(c); and copyright infringement, in violation of 17 U.S.C. § 106 et seq. Additionally, the plaintiffs asserted several claims based on Florida law: trade name infringement; injury to business reputation and dilution; unauthorized publication of name or likeness; unfair competition; misappropriation; and tortious interference with prospective business relations.

On January 31, 2005, the district court denied Lane's and Choppers' motion for a preliminary injunction. The district court held that the plaintiffs had failed to show a substantial likelihood of success on the merits of their claims and had failed to show that they would suffer irreparable injury if the injunction was not

2

issued. The plaintiffs appeal the denial of their motion for a preliminary injunction. This Court has jurisdiction under 28 U.S.C. § 1292(a)(1).

To obtain a preliminary injunction, Lane and Choppers must show that: 1) they have a substantial likelihood of success on the merits of at least one of the causes of action they have asserted; 2) they will suffer irreparable injury if the injunction is not issued; 3) the threatened injury outweighs whatever damage the proposed injunction may cause to the defendants; and 4) if issued, the injunction would not be adverse to the public interest. See Siegel v. Lepore, 234 F.3d 1163, 1178 (11th Cir. 2000) (en banc).

We generally review a district court's denial of a motion for a preliminary injunction only for an abuse of discretion. See Delta Air Lines, Inc. v. Air Line Pilots Ass'n, Int'l, 238 F.3d 1300, 1308 (11th Cir. 2001). Determinations of law made in the course of denying a preliminary injunction are reviewed de novo. Bailey v. Gulf Coast Transp., Inc., 280 F.3d 1333, 1335 (11th Cir. 2002). Findings of fact are reviewed for clear error. Cumulus Media, Inc., v. Clear Channel Commc'ns, 304 F.3d 1167, 1171 (11th Cir. 2002).

On appeal, Lane and Choppers argue that the district court erred when it found that 1) the plaintiffs did not show a likelihood of success on the merits of their case; 2) the defendants may have been entitled to deal with the goods at

3

issue; and 3) the plaintiffs did not show that they would suffer irreparable harm without the requested injunction. Lane and Choppers deny the existence of any license agreement between them and the defendants.

The district court did not abuse its discretion in denying Lane's and Choppers' motion for a preliminary injunction, based on its reasoning that: "[f]rom the evidence and arguments presented, the Court cannot determine whether Defendants are actually violating Plaintiffs' rights, or whether, instead, this case involves a soured business arrangement under which Defendants retain some rights to deal with the goods at issue."

The plaintiffs presented to the court an affidavit from Lane, which states that Passaro acquired the plaintiffs' goods from the manufacturer and resold them to the plaintiffs at a profit, without Lane's knowledge or consent. Lane's affidavit further states that Scimone used Choppers' Internet store to set up wholesale accounts without Lane's knowledge or consent. The defendants presented affidavits from Passaro and Scimone, which state that Passaro created Southeast Apparel and Factory Defect in contemplation of a business agreement with the plaintiffs' knowledge and consent. The defendants also submitted a copy of a photograph posted on the plaintiffs' Web site, in which Scimone models one of the plaintiffs' shirts. Given the conflicting evidence, the district court did not abuse

4

its discretion in finding that the plaintiffs have not a shown a likelihood of success on the merits of their case. The plaintiffs may prevail at trial, but that remains to be seen.

AFFIRMED.